LARGE vs. DITMARS and others.

Sheriff's sale set aside on the ground of surprise, such as to entitle the petitioner (mortgagor) to the aid of equity, upon terms. He was permitted to redeem complainant's mortgages by paying the amount due thereon, with execution fees, and complainant's costs of this application, within thirty days from the time of entering the order upon this decision.

Application to set aside sheriff's sale under *fieri facias* for sale of mortgaged premises. On petition and depositions.

*Mr. John Schomp*, for petitioners.

*Mr. John N. Voorhees*, for complainant.

THE CHANCELLOR.

This is an application to set aside a sale by the sheriff of Hunterdon county, of mortgaged premises under a *fieri facias* in a foreclosure suit. The premises were subject to three mortgages. The first was upon other premises also, (the latter property being of value sufficient to pay it,) and since the filing of the bill, it has been assigned to and is now held by the complainant. The second is the complainant's mortgage, on which the bill was filed. The third is held by the administrators of Andrew Suydam, deceased, who were not parties to the suit. The property was sold on the day fixed for the sale in the advertisement, notwithstanding earnest requests on the part of the owner, Mr. Ditmars, and the administrators of Suydam for an adjournment, if it were for only three or four days. At the sale, it was struck off to the complainant's son,

for $4950. There were no bids upon it except those made by the complainant's solicitors and the administrators. Both Ditmars and the administrators had had assurances from their counsel, on which they relied, that an adjournment would be granted by the sheriff. The complainant's son, one of his solicitors, had told Mr. John Schomp, the brother of Peter Schomp, one of the administrators, two or three weeks before the sale, that no adjournment would be granted if the complainant could prevent it, and Mr. John Schomp communicated this to his brother Peter, almost a week before the sale. The property is said to be worth at least $6000. It is the homestead of Ditmars, and has been adorned by him with much care and expense. As an investment, it is said by one of the complainant's solicitors to be worth $5000. If the application were based, however, on inadequacy of price alone, no relief would be granted; but it rests, also, on the refusal of the sheriff to adjourn the sale, and the consequent surprise of Ditmars. The complainant's reason for refusing to consent to an adjournment was that Ditmars would, if an adjournment were granted, be thus enabled to gather the crop of grapes, worth, it is said, from $300 to $400, from the vineyard on the premises, and apply the proceeds of the sale thereof to his own use. The complainant's solicitors offered to consent to an adjournment, if he would give security that he would apply the value of the crop of grapes towards payment of the decree. I am unable to find, from the testimony, that the sheriff's refusal to adjourn was an unreasonable exercise of his discretion, and yet there is such a case of surprise on the part of Ditmars, as to entitle him to the aid of this court. He will be permitted to redeem the complainant's mortgages by paying the amount due thereon, with the execution fees. There is no decree for the administrators. Ditmars can be protected by means of subrogation, in his equity, in respect to the first mortgage. If, within thirty days from the time of entering the order upon this decision, he shall redeem complainant's mortgages, by paying the amount due on the decree therefor, with the execution fees,

including the sheriff's fees of sale, and the complainant's costs; of this application, the sale will be set aside; otherwise it will stand.