ANDREW KIRKPATRICK, receiver, appellant,

*v.*

ERASTUS CORNING et al., respondents.

The syllabus of the opinion rendered in the court of chancery is as follows:

1. A foreclosure decree will not be inquired into in another suit between the same parties or their privies, merely to re-examine and adjust the amount due on the mortgage, in the absence of proof of extrinsic or collateral fraud in obtaining the decree.

2. On the facts proved in this case, the alleged usury held not established.

3. A receiver or trustee authorized by the court to bid and buy at a sale of the trust property, may bid and buy for another as well as for himself.

4. The rule which prevents one standing in a relation of confidence towards a property, such as mortgagee, co-tenant, receiver, trustee, or vendor in possession pending contract of sale, from taking to himself the renewal of a lease of essential value to it, or obtaining other special advantage in regard to it, extends to the wife of such person, unless she proves that her action was independent and in good faith.

5. A purchaser at a judicial sale subjects himself to the power of the court to guard on equitable terms against hardship, surprise, mistake, misrepresentation, or undue advantage taken, by which the other parties interested suffer loss, even though he is not in fault; and such relief is still more readily afforded when the mortgagee is the purchaser at a sale under his mortgage.

6 L. was the surviving partner of a firm and the receiver in a suit to wind up its affairs. At a foreclosure sale under a mortgage on the firm's mill property, he announced that a lease which the firm had held of a water-power essential to the mill had recently expired, and had been renewed to and was held by his wife. The premises were thereupon sold and were bought in for the mortgagee at the amount due on his decree, which was an inadequate price, and there was no actual competition in the bidding. The mortgagee had not authorized L. to make the announcement; but it appeared that he had at first taken the renewal of the lease to himself, and had then surrendered it, at L.'s suggestion, just before L.'s wife took it, although there was no evidence that he knew she would take it. The representative of the deceased partner's interest brought suit to set aside the sale or permit him to redeem. At the time of the suit the mortgagee was still substantially the owner and the circumstances had not materially changed.—*Held,* that although the mortgagee did

Kirkpatrick v. Corning.

not authorize the announcement so made at the sale, yet relief could be afforded either by a re-sale, or by permitting redemption on equitable terms, and the latter method was adopted in this case.

---

On appeal from a decree advised by *Washington B. Williams, Advisory Master*, as follows :

This cause coming on to be heard on the pleadings and proofs, in the presence of Frederic W. Stevens and Theodore W. Dwight, esquires, of counsel with the complainant, and of Thomas N. McCarter and Amasa J. Parker, esquires, of counsel with the defendants, and the court having read and considered said pleadings and proofs, and having heard the arguments of counsel thereon, and being of the opinion that the complainant has failed to establish the allegations of his bill relating to usury ; and being further of opinion that the sale of the personal property of James Horner & Co., by the master, particularly set forth in said bill, was a valid and legal sale, and not actually or constructively fraudulent in whole or in part, or in violation of trust ; and that the defendant James Ludlum was authorized to bid for and buy said personal property at said sale, not only for himself, but also as agent for Erastus Corning, and that his bids and purchases for said Corning were and are legal and should stand, and that the complainant is entitled to no relief in respect thereto, nor in respect to any of the other matters charged in said bill, and in the amendments thereto, except as hereinafter mentioned ;

And the court being further of opinion that the purchase of the real estate of said firm by said Corning on the 5th day of July, 1877, at the foreclosure sale then held, was and is open to such objection, by reason of the conduct of said James Ludlum thereat, and by reason of his (the said Ludlum's) wife's adverse holding of the Schuyler water lease, and his statements made at said sale in reference thereto, as renders it equitable to permit the complainant at his election to redeem said property on equitable terms or to have the same re-sold, and the court deeming it inequitable, under the circumstances, to allow the

said Erastus Corning to enjoy the fruits of said sale without affording such opportunity to redeem or re-sell on terms—

It is, on this 18th day of September, in the year of our Lord 1889, ordered, adjudged and decreed, and the chancellor, by virtue of the power and authority of this court, doth hereby order, adjudge and decree, that the complainant be at liberty to redeem the said land and premises sold at said foreclosure sale, and the Schuyler water lease, and all renewals thereof, upon the terms following, that is to say : the said Erastus Corning shall have the right to elect whether he will accept the balance due on his decree of foreclosure on said 5th day of July, 1877, that being the date of said sale, retaining, without rendering any account therefor, whatever the property may have since earned, and receiving a just allowance for any permanent improvements made by him, or whether he will require an account to be stated on the basis of being allowed for the balance due at the sale, with interest, and such current expenses as a mortgagee in possession would ordinarily be entitled to, and for permanent improvements made by him, and being charged with the fair rental value of said property, or with the rents actually received, if exceeding such value ; and that said election be made by said Corning in writing, and notice thereof served on the solicitor of the complainant within thirty days after the date of this decree ; and in case the said Corning fail to make his election within that time, that then the complainant shall be at liberty to redeem by paying the amount due on said foreclosure decree at the time of said foreclosure sale, without interest, and any allowance made for improvements, such redemption to include the said water lease and its renewals. And in case the said Corning shall elect to account, then the cause shall be brought on for further hearing for the purpose of taking such account, at a time to be fixed by the court on application of either party after notice of such election given. And in either case the amount to be paid for the redemption of said property shall include the costs of said Erastus Corning of this suit to be taxed.

And it is further ordered, adjudged and decreed, that the complainant shall have three months in which to pay the redemption

Kirkpatrick v. Corning.

money aforesaid after the amount of the same shall be ascertained and settled by decree upon such accounting; or in case the defendant Erastus Corning shall elect to accept the amount that was due at the time of the foreclosure sale, with such just allowance for improvements, then the complainant shall redeem said mortgage within such time as shall be fixed by this court on application after notice of such election given to the complainant.

And it is further ordered, adjudged and decreed, that in case the complainant shall elect so to do, he may at any time, not less than one month before the expiration of the time limited for redemption, require that the said premises be re-sold at public auction, and apply for an order at the foot of this decree directing such sale by a master, which order shall be on such terms as to the court shall appear equitable.

And it is further ordered, adjudged and decreed, that if the complainant shall fail to redeem within the time herein allowed, and no re-sale shall be ordered, the said foreclosure sale of the 5th day of July, in the year 1877, shall stand, and the complainant and the defendants in said foreclosure suit, who are parties to this suit, shall be absolutely debarred and foreclosed of and from all equity of redemption of, in and to the said mortgaged premises.

And it is further ordered, that the other relief prayed for in the complainant's bill be denied.

And it is further ordered, that the complainant is entitled to costs as against James Ludlum, and that the complainant do pay the costs of said Erastus Corning, in this suit to be taxed, out of any funds in his hands as receiver; and if such funds shall prove insufficient for such payment further application may be made to the court in respect to such costs.

And further directions are reserved, as well as to what kind of improvements shall be allowed for as permanent, and whether any allowance shall be made for improvements pending this suit, as in regard to any other questions that may arise.

*Mr. Frederic W. Stevens,* for the appellant.

*Mr. Thomas N. McCarter,* for the respondents.

20

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, KNAPP, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, SMITH, WHITAKER—11.

*For reversal*—None.