ADOLPH WIMPFHEIMER et al.

*v.*

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.

[Filed March 17th, 1898.]

1. A subsequent encumbrancer, who was a party to the foreclosure suit on a prior mortgage, cannot after foreclosure sale, and a purchase by the prior mortgagee, redeem from the prior mortgagee, without setting the sale aside as to all parties thereto.

2. Where the right to redeem is disputed between two subsequent encumbrancers, the prior mortgagee may decline to allow either to redeem except by decree in a suit to which the claimants are parties.

3. A sale under a decree foreclosing the equity of redemption of all the defendants thereto vests in the purchaser not only the rights of the mortgagee

under whose mortgage the premises were sold, but all rights of the defendants in the suit.

4. One having merely the right to redeem a mortgage is not entitled to a conveyance of or subrogation to the rights which the prior mortgagee has as purchaser under foreclosure sale, in addition to his rights as mortgagee.

5. On confirmation of a foreclosure sale by the court, the deed issued to the purchaser relates back to the time of the sale.

6. In a suit to set aside a foreclosure sale for the purpose of redemption, all the parties to the foreclosure proceedings who would have been proper parties to the suit to redeem if there had been no sale, and all intervening encumbrancers, must be made parties.

On bill to redeem.

*Mr. Thomas N. McCarter, Jr.*, and *Mr. Richard V. Lindabury*, for the complainants.

*Mr. James E. Howell* and *Messrs. Guild & Lum*, for the defendant Prudential Insurance Company.

*Mr. Adrian Riker*, for the defendant Edelhof.

EMERY, V. C.

This is a bill to redeem, filed by the judgment creditor of the mortgagors against a prior mortgagee, who purchased the mortgaged premises at a foreclosure sale made under its mortgage, and in proceedings to which the judgment creditors and others were parties. The defendants' mortgage was executed prior to the recovery of complainants' judgment against the mortgagors, and three other mortgages on the premises, which mortgages are now held by the McGall Hat Company as assignee, were also executed and delivered by the mortgagors prior to the recovery of the complainants' judgment. The mortgagors also, on May 2d, 1895, two days prior to the recovery of complainants' judgment (May 4th, 1895), made an assignment to the defendant Edelhof for the benefit of their creditors under the statute; but this assignment was not recorded until May 6th, 1895, two days after the recovery of complainants' judgment. These intervening mortgagees and their assignee, and the assignee for the benefit

of creditors, were also made parties to the foreclosure suit on the prior mortgage, together with other creditors who had recovered judgments or claimed interests subsequent to the judgment obtained by the present complainants. The mortgagors and their wives were also made parties defendant to the foreclosure suit. In this foreclosure suit, the facts above stated as to the order and priority in point of time of the encumbrances and conveyances of the equity of redemption were set out in the foreclosure bill, but no other facts relating to respective priorities of the defendants were set out, and the bill to foreclose alleging simply that these respective defendants claimed some interest in the premises, charged that all such interests were subsequent to its mortgage. The prior mortgage was not disputed by any defendants and a decree *pro confesso* was taken against all the defendants, including the present complainants.

Rule 24, regulating the practice in such cases, is as follows:

"Where the bill in a foreclosure suit shall be ordered to be taken as confessed against a defendant, no report or decree shall be made by which his rights or claims are postponed to those of any other defendant, unless the priority of the rights or claims of such other defendant, and the facts upon which it depends, are distinctly set forth in the bill, and any controversies between such defendants may be settled upon application for the surplus moneys."

The foreclosure bill was taken as confessed against all of the defendants, and the master's report in the cause found the amount due the insurance company, the complainant in foreclosure, on its mortgage, on April 2d, 1897, to be $26,979.19, and on April 5th, 1897, final decree was duly entered in the foreclosure suit in the usual form, directing sale to be made of the mortgaged premises by the sheriff of Essex county, to pay the complainant's debt with interest and costs, and to pay the same to complainant, and to bring the surplus, if any, into court, unless otherwise disposed of. The final decree contained also the following usual clause:

"And it is further ordered, adjudged and decreed that the defendants stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to the said mortgaged premises when sold as aforesaid by virtue of this decree."

At the time of the filing of this bill of foreclosure and at the time of the decree a suit was pending on a bill filed by the McGall Hat Company, the assignee of the three mortgages subsequent to the first mortgage (together amounting to over $72,000), for the foreclosure of these mortgages, to which suit the first mortgagee was not made a party, but in which the present complainants were defendants, and in which as such defendants they attacked the validity of these second mortgages and claimed priority over them, notwithstanding their priority in date. This cause had been heard, but decision thereon had not been rendered, and pending decision the sale under the first mortgage foreclosure suit had been adjourned from time to time until the day previous to the sale, when the conclusions of the vice-chancellor by whom the case was heard were sent to counsel, and were received on that day by the present complainants' counsel. The conclusions reached affirmed the validity of the mortgages which were contested by the present complainants. Complainants' counsel thereupon applied to the first mortgagee, through its solicitor and officers, for a further short adjournment of the sale in order to communicate with his client, who was temporarily absent, but this was refused, and against complainant's protest the sale proceeded on July 13th, 1897, and the premises were then struck off and sold to the complainant for the amount of its decree. The complainants were allowed, under the rule (205), five days to object to the confirmation of the sale, which is now required to be made under that rule, but they made no objections, and the sale for $26,852.50 to complainant was duly confirmed by order dated July 24th, 1897, and the sheriff was thereby directed to execute a good and sufficient conveyance to the present defendant company for the premises sold. The present complainants on the day after the sale, but before the confirmation, tendered to the defendant company the amount of its decree for costs and interest for the redemption of the premises. The defendant refused to accept the tender, and the complainant, on July 22d, 1897, one day before the expiration of the time for confirmation of the sale under the rules, filed this bill to redeem against the defendant, it being the only party

defendant to the original bill. The defendant company was served on July 23d, 1897. At the hearing an amendment was made to the bill by consent, making Edelhof, the assignee for creditors, a party defendant, alleging that he has no funds to redeem the mortgage, and asking that complainants, if not entitled to redeem for their sole benefit, may be permitted to redeem on behalf of themselves and other creditors of the assignors who may file claims with him within the time required by law. An answer by the assignee admits the lack of funds for redemption.

The bill in this case is not filed to set aside the sale as improvidently or unfairly made simply for the purpose of obtaining a resale of the premises upon the ground that the sale was an improper use of the process of the court, but the relief prayed by the bill proceeds rather on the assumption that the sale, as to all the parties in the original suit except the complainants, must stand. None of these original defendants, except Edelhof, are now made parties to this suit, and the claim as insisted on at the hearing is that on the redemption by complainants they are entitled to be subrogated to the entire rights of the insurance company against the other parties defendant under its decree and execution. And to the special objection made in the answers and on the hearing, that to a bill for redemption of a prior mortgage all the intervening encumbrancers must be made parties, the answer of complainant is that those intervening encumbrancers have no interest, because they have all been foreclosed of any equity of redemption by the sale and by the deed thereunder. The principal question presented at the hearing, therefore, was whether a subsequent encumbrancer who is a party to a foreclosure suit on a prior mortgage, after a sale under foreclosure and a purchase at the sale by this prior mortgagee, may, if he files a bill before confirmation of the sale, redeem the prior mortgage without making the intervening encumbrancers or any of the defendants in the foreclosure parties, allowing the sale to stand as against them. I think a right of redemption of this character does not exist. Up to the time of the sale under the process, and even after decree for sale, the right of redemption which any subsequent encumbrancer might have would probably

continue to exist and might be made effectual by petition in the original suit or by original bill, proper notice being given to those who on the record in the original suit appear to be, as in this instance, encumbrancers prior in point of time or otherwise entitled to claim the right of redemption. But under our practice the final decree in foreclosure suits deals expressly with and disposes of the whole subject of rights of redemption when a sale is made and as long as the sale stands. The language of the decree is that the defendants stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to the said mortgaged premises, when sold as aforesaid, by virtue of the decree. The sale when made, therefore, under the decree does, by the express language of the decree itself, dispose of the very right of redemption or equity which is now sought to be exercised, and if a sale has been made, then, as it seems to me, so long as that decree stands and has been carried out by the sale it must conclude the complainants from any right which is a mere right of redemption.

A subsequent encumbrancer, such as a second mortgagee or judgment creditor, is not, under our decisions, entitled merely as such encumbrancer to redeem a prior mortgage, and unless some special equity exist in the subsequent encumbrancer the prior mortgagee has a right to retain his security and may refuse to surrender it. *Bigelow* v. *Cassedy, 11 C. E. Gr. 557.* And where the right to redeem is disputed between two subsequent encumbrancers, the prior mortgagee would, as it seems to me, where he has notice of this dispute, be justified in declining to allow either claimant to redeem except by decree in a suit to which the claimants were parties. Without such decree the redemption would be at his risk. The right to redeem by either claimant could then be so controlled by decree, if necessary, as not to exclude the other from the right to redeem, if eventually established in his favor. Any person having the right to redeem a mortgage is entitled to a subrogation to the mortgagor's rights under the mortgage and decree, but not to the conveyance of any other rights nor to any other rights than those which the mortgagor has under his mortgage, and the reason why it seems

to me that, under our practice, a redemption cannot be made after a sale under the usual decree, is that the sale, when made under the decree, and so long as it stands against the defendants, vests in the purchaser, as purchaser, not only the rights of the complainant under his mortgage and decree, but also all the rights of the defendants in the suit. *Baldwin* v. *Howell, 18 Stew. Eq. 519, 538; Mount* v. *Manhattan Company, 16 Stew. Eq. 25*, affirmed on appeal, *17 Stew. Eq. 297*. A defendant standing on an alleged right of redeeming the prior mortgage is not entitled to a conveyance of or subrogation to the rights which the prior mortgagee has as purchaser under the sale in addition to his rights as mortgagee. The defendant company in this case, at the time of the tender, did not occupy the position merely of the holder of a prior encumbrance secured by mortgage and decree thereon, but was a purchaser of all the rights of redemption of all the defendants in the mortgaged premises, including the present complainants' right to redeem, and was bound by its contract of sale as such purchaser not only to the present complainant, but to all of the defendants in the suit. By the contract of sale the purchaser became at once subject to the obligations of purchaser, which could be enforced against him, upon the confirmation of the sale, either by petition in the suit or bill for specific performance. *Silver* v. *Campbell, 10 C. E. Gr. 465; Bowne* v. *Ritter, 11 C. E. Gr. 456*. On sales by sheriff under execution, at common law, the deed, when delivered, relates back to the time of sale. *Morse* v. *Hackensack Savings Bank, 2 Dick. Ch. Rep. 279, 281 (Errors and Appeals, 1890)*, and cases cited. On the principle of these cases the equitable rights of the parties are fixed by the contract of sale, subject only to confirmation by the court, and, if confirmed, the deed, as to the rights conveyed, must relate back to the time of sale. In the present case the confirmation of the sale is proved, but although a deed is alleged in the answer to have been delivered, no deed was offered at the hearing. The case, therefore, is now to be disposed of on the basis of the defendant company's equitable rights as purchaser under a sale confirmed, by which it is at any time entitled to a deed from the

sheriff conveying to it the rights of all parties to the suit, complainant and defendant, as if the deed had been delivered on the day of sale. The present application of the complainants by tender after the sale and when these additional rights and obligations of the defendant company had thus become those of the purchasers also of the equities of redemption, instead of mere prior encumbrancers, is practically, therefore, an application to compel the purchaser to assign the benefit of its bid to them. And at the hearing this is in effect the actual claim made. The amount bid in this case by the purchaser was the amount due on its mortgage and decree, but if a right of redemption on the part of one defendant in a foreclosure decree, and of the character now asserted, exists, I fail to see why a complainant or any other prior encumbrancer who happens to be a purchaser at the sale for any amount more or less than his debt cannot be compelled by a tender of his debt after sale and a bill filed within ten days before confirmation to give up the benefit of his purchase in order that a defendant may, if he chooses, exercise a right of redemption which was expressly purchased at the sale by force of the decree. In my opinion the complainants' right of redemption was cut off by the sale which was subsequently confirmed, and relief based merely on this right could not be given at all without setting aside the sale as to all parties. And in a suit to set aside the sale for the purpose of redemption, it seems clear that in any event all of the parties to the original suit who would have been proper parties to a suit to redeem, if there has been no sale, must be made parties. According to the authorities, on a bill to redeem a prior mortgage, the intervening encumbrancers must at all events be parties. *Story Eq. Pl.* § *185 et seq.;* 1 *Dan. Ch. Pr. (6th ed.)* \*212. And where upon a record a disputed second mortgage is prior to a subsequent judgment, the latter, on applying to redeem the first mortgage, must bring in the second mortgagee for the protection of the first mortgagee, as the second mortgagee otherwise would be entitled to redeem the first mortgagee. This is according to the principles settled in *Hicks* v. *Campbell, 4 C.*

Wimpfheimer v. Prudential Insurance Co. of America.

*E. Gr. 183; Wilson* v. *Bellows, 3 Stew. Eq. 282 (Errors and Appeals, 1878).*

In the present case it will be noticed that, on the bill in the foreclosure suit, the three McGall company mortgages appear as liens prior in time to the complainants' judgment, and the present complainants did not, by any answer or other proceeding in that suit, give notice to the prior mortgagee that so far as the right of redemption was concerned their right was prior to the McGall company mortgages. The prior mortgagee, on the record as it stood, and without regard to the decision adverse to the complainants in the other cause, would have been justified in declining without further order in the cause to allow the complainants the right to redeem after final decree for sale in the suit, and a direction to pay the surplus money into court. As between the McGall company and the complainants, the right to redemption was a right which, although *prima facie* belonging to the McGall company, was, in fact, a disputed equity of redemption, and the precise case exists referred to in the statutes relating to redemption of mortgages by the mortgagor. These statutes (*Gen. Stat. pp. 2102 et seq.*) providing for redemption of mortgages by order of courts of law, and when no bill to foreclose was pending, expressly provided (§ *3*) that the right of redemption, with order to assign the mortgage, should not extend to any case where the right of redemption was controverted between different defendants in the same cause. Upon redemption by the mortgagor, the mortgagee must reassign or convey his rights as mortgagee in the premises to the person redeeming, and the qualification expressly made on redemption under order of courts of law was intended to leave the right of redemption, when disputed, to the disposition of a court of equity.

I think, therefore, that relief to complainants based on their present bill purely as a bill to redeem against the purchaser for their own benefit, and while allowing the sale to stand as against the intervening mortgagees and the other parties to the suit, must be denied.

38

When the necessary parties are all before the court, the complainants are entitled to an adjudication upon the case made in their bill for setting aside the sale as made by surprise and for an inadequate price, and if it should be so set aside then to have an adjudication upon their right to redeem. But where it appears by the record itself that the complainants' right to redeem, if the same be set aside, is disputed, then the right of complainants to redeem, if allowed, must be finally settled, as it seems to me, on terms equitable to all parties claiming or interested in the right of redemption, and after hearing. This must, in the present case, be upon a bill to set aside the sale altogether and as against all parties, and then to redeem, to which suit the intervening mortgagees, the assignee for creditors, and, as it now appears to me, the mortgagors, as persons interested in the claim to redemption, are necessary parties. At the hearing application was made to amend for the purpose of adding parties to a redemption suit if thought necessary, and therefore, instead of dismissing the bill, without prejudice to the filing of a new bill adding the necessary parties, the cause will be directed to stand over, with liberty to complainants to bring in such parties, by amendment or supplemental bill, within a time to be fixed by the order, and, on their failure so to do, the bill will be dismissed. *1 Dan. Ch. Pr. (6th ed.) \*294, notes \*421.*

This direction is based on the complainants' bill and case as presented at the hearing, treated as a bill purely for the ultimate purpose of redemption. Relief by way of setting aside the sale and ordering a resale was not prayed by the bill nor asked at the hearing, but the bill contains a prayer for general relief; and, if complainants' counsel desire, I will, before advising decree, hear them on the question whether on the bill and proofs, as they now stand, they are entitled in this suit, and with the present parties, to a decree setting aside the sale, as to all parties to the original suit, and ordering a resale, and, if so, upon what terms.