CHARLES S. PHILLIPS

*v.*

EDGAR W. YOUMANS et ux.

[Submitted May 2d, 1898.   Filed August 20th, 1898.]

1. A bond maturing in two years, with an option of the mortgagee to declare it due on default of any payment of interest, was secured by a mortgage with a clause "that the parties of the first part   *   *   *   shall have the right to redeem any or all" of the mortgaged property "at any time prior to the two years hereinbefore mentioned" on payment of sums certain to be applied on the mortgage debt.—*Held*, that the equity of redemption runs to the maturity of the bond, irrespective of an exercise of the mortgagor's option, or of the fact that under *Gen. Stat. p. 2112* ¶ *47*, requiring foreclosure to be the first remedy to enforce such debt, his legal remedy is postponed.

2. Where a mortgage specially provided that the equity of redemption should run to the maturity of the bond, no bill to foreclose can be filed until the expiration of that time, although the bond gave the mortgagee an option to declare it due at any prior time on default of payment of interest, since a decree of foreclosure necessitates a sale which is a final bar to the equity of redemption under the laws and practice of New Jersey.

On bill to foreclose.   Heard on bill and answer.

*Mr. Cortlandt Parker* and *Mr. Cortlandt Parker, Jr.,* for the complainant.

*Mr. William H. Corbin,* for the defendants.

EMERY, V. C.

In this case I reach the conclusion that the special clause inserted in the mortgage, which makes special provisions for the redemption of the mortgaged premises, has the effect of postponing the right of foreclosure of the equity of redemption in the mortgaged premises until the expiration of the time fixed in this clause.

The bond is dated March 4th, 1897, conditioned for the pay-

Phillips *v.* Youmans.

ment of "$8,028.54 on or before March 4th, 1899," with interest at six per cent., payable semi-annually, and with a special condition that on default in payment of interest for thirty days the entire principal and interest should become due at complainant's option.  Default for over thirty days was made in the payment of the interest due September 4th, 1897, and complainant, as exercising the option, filed this bill to foreclose on November 22d, 1897.

In the absence of any special clause in the mortgage, complainant's right to foreclose at once, after default, defendants' equity of redemption in the entire premises is not disputed, but it is claimed that the special clause relating to redemption inserted in the mortgage has the effect of preventing any absolute foreclosure of the equity until after March 4th, 1899, and that any decree for sale now made should reserve such right of redemption until March 4th, 1899.

The clause in question, as set out in the answer, is as follows:

"And it is hereby expressly agreed by and between the parties to these presents, that the parties of the first part, their representatives, heirs or assigns, shall have the right to redeem any or all of the seven pieces of property hereinbefore described, conveyed and tranferred as aforesaid, at any time prior to the two years hereinbefore fixed and limited upon payment in cash to the party of the second part, of the sum or sums herein fixed as the price or value for such redemption, and that upon payment of such fixed prices or value to the party of the second part, or to his heirs, executors, administrators or assigns in cash, the property so redeemed shall be fully released from the terms and lien of this conveyance or mortgage, and that the party of the second part, his heirs, executors, administrators or assigns, shall thereupon forthwith execute and deliver to Edgar W. Youmans, the party of the first part, his heirs, executors, administrators or assigns, at his or their own expense, any and all releases, conveyances or other papers that may be necessary for such purpose.  The money paid to the party of the second part for such redemption shall be applied to the liquidation of and credited upon the amount secured by this mortgage and the bond accompanying the same at the time of such redemption.

"The prices or values fixed for the purposes of such redemption as aforesaid, are as follows:

"For the property described in paragraph hereinbefore designated '1,' $2,500.

"For property designated in paragraph 2, $3,000," &c.

While the complainant, under the special provisions as to default, has the clear right to consider the entire debt due, the question is whether, the entire debt being due, the complainant is entitled to foreclose the equity of redemption before the expiration of the time expressly given for redemption by this clause. The express agreement in terms is that the mortgagor " shall have the right to redeem," &c., " at any time prior to the two years hereinbefore fixed and limited."

It was entirely competent for the parties to enter into an agreement of this character relating to the equitable right of redemption, which would have the effect of extending the right given by law, and, as it seems to me, the only question now is whether they have, by their contract, so extended the right. It is altogether a question of the construction of the terms of a written contract. The terms of the contract give the right of redemption at any time prior to the two years fixed (March 4th, 1899), being the date when the debt would at all events be due, and the contract gives this right without any express qualification or modification as to the right of redemption if the debt came due previous to that time under the default stipulation, and without express provision that the special right of redemption was dependent on the entire debt not being due.

Complainant's counsel contend that, construing the entire document together so that all its words may prevail to carry out the object of the contract, the special provision as to redemption must be construed as inoperative in case the time for payment of the entire debt had arrived, either by the limitation of time expressly fixed or by the default provision. But the special clause, which is the only expression in the contract relating to the subject-matter of redemption, contains within itself the limitations and conditions of its operation ; these limitations expressly fixed are applicable and the enforcement of them does not conflict with any of the express provisions of any other portion of the instrument. There is no basis, therefore, in my judgment, for holding that, merely upon the construction of the entire contract, the provision is inoperative if the entire principal of the debt becomes due by reason of the default provision. Such a

construction would have the effect of adding to the clause relating to redemption an important modification, and would, in respect to the right of redemption, make a provision which the parties have not, in fact, made. As written, the limit of the time of redemption is a single fixed period, viz., "at any time prior to the two years hereinbefore fixed and limited," and this limit cannot be changed by construction to a period measured by a variable standard, viz., "at any time before the bond becomes due."

Some difficulty in relation to the construction of this clause for redemption in connection with the default clause arises from the·fact that, under our statute (*Gen. Stat. p. 2112 ¶ 47*), the foreclosure of the mortgage must be the first proceeding for the collection of the debt before a suit on the bond, and therefore any legal remedy for the collection of the debt must be suspended until after sale on foreclosure unless, perhaps, an ejectment on the mortgage. The debt being due, an ejectment might, perhaps, lie before the expiration of the two years, or entry might be made. *Sanderson* v. *Price, 1 Zab. 646 note a; Blue* v. *Everitt, 11 Dick. Ch. Rep. 455.*

The result of expressly extending the right of redemption to March 4th, 1899, might be to prevent the enforcement of any legal remedies before that time, but this result of the contract is not such as, in my judgment, to affect the construction of this clause, whether considered alone or in connection with the entire instrument and its object. And as a person may, by express contract, suspend the right to take legal proceedings on a debt due, the fact that this suspension results from a construction of the contract according to its plain terms is not sufficient basis to adjudge that the suspension was not intended to occur or that the express contract should not be enforced.

Defendants' counsel's view as to the effect of the clause was that, while it did not prevent filing a bill and obtaining a decree of foreclosure, yet such decree must expressly reserve the right of redemption for two years and be subject thereto. But, under our practice, the bill to·foreclose is filed for the sole and express purpose of obtaining a decree for sale which expressly disposes

of and forecloses all right of redemption, and there is no statute or practice (as in some states) authorizing redemption after sale. *Gen. Stat. p. 385* ¶ *71*, sale authorized. *Dick. Forms (2d ed.) 364.* The sale under foreclosure decree conveys all rights of complainant as well as defendants, and includes the entire right of redemption. *Wimpfheimer* v. *Prudential Insurance Co., 39 Atl. Rep. 916, 917 (New Jersey Chancery, 1898),* and cases cited (at *p. 918*).

I conclude, therefore, that, under this clause, the right to foreclose the defendants' equity of redemption is suspended until the time limited, viz., March 4th, 1899, and that, until this time, complainant has no right to file a bill for that purpose. I will therefore advise a decree dismissing the bill, with costs.