SARAH E. CARPENTER

*v.*

SARA R. SHANLEY.

[Decided April 20th, 1909.]

Under the conditions of a master's sale that the property was sold free of encumbrance, the purchaser did not take the property free from an improvement assessment, confirmed after the confirmation of the sale, but before delivery of the deed, and cannot have the amount of an assessment which became a lien before delivery of the deed paid out of the purchase price, and so get a title free of encumbrance.

On petition of L. Theodore Everett.

*Mr. J. Merritt Lane,* for the petitioner.

*Messrs. Melosh & Morten,* for the complainant.

GARRISON, V. C.

This is a petition on behalf of the purchaser at a master's sale, praying that the master be directed to pay out of the purchase-money the sum of $350, which is the amount of an assessment for an improvement to the property, which assessment was confirmed against the property on the 9th day of February, 1909.

The property was sold by the master on the 30th day of December, 1908, and the conditions of sale provide that it was sold free and clear of encumbrance. Both parties admit without argument that whatever the law might otherwise be, the conditions of sale control the question involved in this case. The order confirming the sale was filed on the 7th of January, 1909. The time fixed by the conditions of sale for the delivery of the deed was February 1st, 1909, but because the master did not, for some reason, receive the order confirming sale, it was adjourned to the 19th day of February, 1909.

24

As before stated, the assessment was confirmed on the 9th of February, 1909. Both parties concede that the assessment became a lien and encumbrance from the date of its confirmation. *Cadmus* v. *Fagan* (*Court of Errors and Appeals, 1885*), *47 N. J. Law* (*18 Vr.*) *549*.

The petitioner's contention is that since this assessment became a lien before the deed was delivered to him he is entitled, under the conditions of sale, to have the amount of the assessment paid out of the purchase price so that he will, at the time of the delivery of the deed, get a title free and clear of encumbrance. I think that the authorities in this state settle the point against the contention of the petitioner. It has been held by the court of errors and appeals that "the date of the delivery of the sheriff's deed is a circumstance of no importance. A purchaser at a sheriff's sale acquires by the act of purchase a right to a conveyance of the premises in pursuance of the sale. The delivery by the sheriff of a deed is a mere ministerial act which the officer is required to perform to consummate the sale and vest in the purchaser a title in compliance with the law under which the sale was made. *Walker* v. *Hill's Executors, 22 N. J. Eq.* (*7 C. E. Gr.*) *513, 530*. The sheriff's deed, when delivered, has relation back to the time of the sale of which it is the consummation. *Jacobus* v. *Mutual Benefit Life Insurance Co., 27 N. J. Eq.* (*12 C. E. Gr.*) *604, 608; Morse* v. *Hackensack Savings Bank* (*Court of Errors and Appeals, 1890*), *47 N. J. Eq.* (*2 Dick.*) *279* (at *p. 281*) ; see, also, *Wimpfheimer* v. *Prudential Insurance Company of America* (*Vice-Chancellor Emery, 1898*), *56 N. J. Eq.* (*11 Dick.*) *585* (at *p. 591*).

If a confirmation by the court is to be considered as a necessary step in completing the sale, that act took place in the suit at bar before the assessment became a lien upon the premises. It seems entirely clear, therefore, that the sale was completed and was free of encumbrance at the time of its completion, and that the encumbrance in question arose thereafter.

The petition must be dismissed, with costs.