No facts are in dispute herein. The single question for determination is whether a mortgagor is entitled to redeem the mortgaged premises, by payment of the amount of the *Page 21 
decree and costs, after a sale has been made under a foreclosure decree and the sale has been confirmed, but before a deed has been executed by the officer who made the sale.
No claim is made that the sale was not regular in all respects or that the amount bid was not adequate. The claim is that the right of a mortgagor to redeem obtains until the delivery of a deed by the judicial officer.
The mortgaged premises were purchased at the sale by a third party for an amount in excess of the amount decreed to be due to the mortgagee; that purchaser now resists petitioner's claim of right to redeem.
In the early English practice the ordinary remedy of a mortgagee was the procurement of a decree foreclosing the equity of redemption; in later years that remedy has been commonly referred to as "strict foreclosure." In form, the decree was that upon failure of the defendants to pay the amount found due at a specified time — usually three or six months — they should stand foreclosed of all equity of redemption of, in and to the mortgaged premises. 2 Dan. Ch. Pl. Pr. 998; 3 Ibid. 2213,2214. Default in payment pursuant to that decree was operative to create an absolute estate in the mortgagee; but to render the decree pleadable, an order of confirmation was necessary. That order issued upon an affidavit being filed disclosing that defendants had not paid at the time specified for that purpose.2 Dan. Ch. Pl. Pr. 998. In appropriate circumstances the court would extend the time for payment of the money even though the final order had been enrolled. 2 Ibid. 999; Thornhell v.Manning, 1 Sim. (N.S.) 451. In certain classes of cases — included, among others, ownership by an infant heir, whose equity of redemption could only be absolutely foreclosed by decree until default should have been made after the infant had arrived at majority — the mortgaged estate could be ordered sold. 2 StoryEq. Jur. § 1026; 2 Fonb. Eq. 274; 1 Dan. Ch. Pl. Pr. 284.
Subsequently, under 15 and 16 Vic. § 48, a decree foreclosing the equity of redemption and directing sale of the mortgaged estate to satisfy the debt appears to have been permitted at the request of the mortgagee, *Page 22 
and on terms at the request of the mortgagor. 2 Dan. Ch. Pl. Pr. 1265. I think no English authority can be found in any way recognizing or even suggesting the possibility of the existence of a right of redemption after a public sale had been made pursuant to a foreclosure decree.
There appears to have been no statute in this state specifically authorizing a decree for sale of the mortgaged estate prior to the act of February 29th, 1920. R.S. 1820
(Penn.) 702. By act of March 12th, 1798 (Pat. L. 303), a decree for sale was authorized in foreclosure suits after a decree pro confesso against an absent mortgagor; by the act of 1820 the decree for sale was authorized in all foreclosure cases. Section 8 of act of 1820 has been continued in force until this time, and is identical with section 53 of our present Chancery act. 1 Comp. Stat. p. 429. Section 9 of the act of 1820 is essentially the same as section 54 of our present Chancery act, and directs the sheriff or other officer making the foreclosure sale to deliver a deed to the purchaser.
A decree for sale is now the ordinary procedure in the foreclosure of mortgages in this state, and its usual form is the form adopted in the present case: "That the defendants stand absolutely debarred and foreclosed of and from all equity of redemption in and to the said mortgaged premises when sold as aforesaid by virtue of this decree." In Atwood v. Cramer,75 N.J. Eq. 319 (at p. 325), Vice-Chancellor Emery expressed the view that under that form of decree the right of redemption continues until the sale; that view is by him based upon the language of the decree, "when sold as aforesaid by virtue of this decree." The same view had been previously adopted by the same vice-chancellor in Howards Sav. Inst. v. Essex B. L. Assn.
(N.J. Ch.), 46 Atl. Rep. 223, and in Wimpfheimer v.Prudential Ins. Co., 56 N.J. Eq. 585.
The first statutory requirement in this state for a confirmation of sale in foreclosure cases appears to have been section 4 of the act of March 12th, 1880. That act, unmodified in its requirement for a confirmation of sale, is *Page 23 
now section 50 of our Mortgage act. 3 Comp. Stat. p. 3422. That requirement is that the sale shall be reported, and if approved shall be confirmed "as valid" and "effectual in law," and an order shall direct the officer making the sale to execute a deed to the purchaser. Chancery rule 218, adopted September 20th, 1880, is to the same effect.
It is the contention of petitioner that although the right of redemption cannot be said to extend beyond the time of the sale, the sale cannot be understood as having been made until the deed is delivered pursuant to the order of confirmation, since the sale is consummated by the delivery of the deed.
On the contrary, I am convinced that the "sale" which the statute contemplates, and which the decree specifically refers to as the time when the equity of redemption shall be deemed foreclosed, is the public sale made by the officer as distinguished from the deed of conveyance which is to be executed after the sale shall have been confirmed.
By the terms of the decree defendants are to "stand absolutely debarred and foreclosed of and from all equity of redemption in and to the said mortgaged premises when sold as aforesaid by virtue of this decree." By a preceding provision of the decree a writ of fieri facias is ordered issued, directed to the sheriff, "commanding him to make sale, according to law, of the said mortgaged premises." As directed by that writ the sheriff has made report to the court that after duly advertising the sale of the property he has sold the same at public vendue to Harry H. Teitelman for $10,610, he being the highest bidder; the report also being accompanied with the statutory affidavit touching the sale. On that report an order has been made in which it was "ordered that the said sale be and the same is hereby confirmed as valid and effectual in the law," and directing the sheriff to execute a deed to the purchaser. It is thus clear that the writ, the return and the order of confirmation, by their terms contemplate the act of procurement of a purchaser at a public vendue as the sale which the decree has ordered made under the writ, the issuance of which writ *Page 24 
the decree directs. And it appears to me equally clear that the sale referred to in the decree as the termination of the right of redemption as well as in the act authorizing the decree of sale is the public exposure of the property for sale and the procurement of a purchaser by that means. Not only is that "public sale" of the property a sale in the common acceptation of that term, but at that time the equitable title to the property passes to the purchaser. Unless that sale should be set aside by failure of confirmation or for other cause, the purchaser at the public sale can enforce a formal conveyance, and specific performance can be enforced against such purchaser either by petition in the foreclosure suit or by bill for specific performance. Silver v. Campbell, 25 N.J. Eq. 465; Bowne v.Ritter, 26 N.J. Eq. 456. Thus the highest bidder, as purchaser at a sheriff's sale, acquires by the act of purchase a right to a conveyance. The order of confirmation confirms and has relation back to that sale, and the delivery of the sheriff's deed is a mere ministerial act which the officer is required to perform to consummate the sale and vest in the purchaser the legal title in compliance with the law under which the sale is made. The sheriff's deed, when delivered, also has relation back to the time of the public sale. The date of the sheriff's deed and the date of its delivery are declared to be circumstances of no importance so far as the sale is concerned. Carpenter v.Shanley, 75 N.J. Eq. 369; Morse v. Hackensack Savings Bank,47 N.J. Eq. 279, 281. In Wimpfheimer v. Prudential InsuranceCo., 56 N.J. Eq. 585, the view is clearly expressed to the effect that the officer's procurement of a purchaser by a public sale of mortgaged premises pursuant to the decree is operative to terminate the right of redemption, subject only to confirmation by the court. It is unnecessary here to determine whether a right of redemption may be said to exist after the officer's public sale and before its confirmation; in this case the sale has been regularly made and duly confirmed; the deed will follow as a mere ministerial act.
An order will be advised discharging the order to show cause and restraint. *Page 25