This matter came before me on a motion by the defendants to redeem after a sheriff's sale in foreclosure. The motion was made within ten days of the sale and before delivery of a conveyance by the sheriff.
The single question for determination is whether the mortgagors are entitled to redeem the mortgaged premises by payment of the amount of the final judgment with interest, costs and sheriff's fees after a sale has been made under a foreclosure judgment, but prior to the expiration of ten days after such sale and before the delivery of the deed which is the time within which objections to the sale may be made. See, Rule 3:77-5. *Page 534 
Prior to September 15, 1948, the statute (R.S. 2:65-12) required the sheriff, or other officer directed to sell mortgaged premises, to report the sale to the court within five days after sale. Upon so doing, the court could approve and confirm the sale as valid and effectual in law if satisfied by competent proof "that the premises were sold at the highest and best price then obtainable in cash".
As of September 15, 1948, the above statute was amended byP.L. 1948, Chap. 378, Sec. 2. By virtue of the amendment, report and confirmation of a foreclosure sale are required only when and as provided by Rules of the Supreme Court. The Rules of the Supreme Court do not require confirmation by the court if a sale of real estate is made by a sheriff or coroner unless a motion for hearing of an objection of the sale is served upon him and given to all persons in interest within ten days of the sale or at any time thereafter before delivery of the deed. The rule requires that the motion shall be made returnable not later than twenty days after the sale unless otherwise ordered by the court. The rule further requires the sheriff or coroner to file with the court, within a reasonable time after the sale, a report of the sale and the costs thereof whether or not objections to the sale are made. See, Rule 3:77-5.
At this juncture it should be noted that although the Rules of the Supreme Court do not require confirmation unless a motion for a hearing of an objection is made and heard, nevertheless, the sale herein was confirmed as of course on February 21, 1949, three days after service of notice of this motion. The purchaser, apparently regarding such confirmation as surplusage, makes no contention whatsoever as to the effect thereof.
The premises in question were bid in at the sheriff's sale on February 10, 1949 by a third party for an amount in excess of the amount adjudged to be due to the mortgagee. He resists the motion of the defendants to redeem of which notice was served upon the sheriff and all parties in interest on February 18, 1949.
 The judgment for sale herein provides: *Page 535 
"* * * that the defendants stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to so much of the said mortgaged promises as shall be sold as aforesaid under this judgment."
Under this form of judgment, the right of redemption continues until the sale. See, Atwood v. Carmer, 75 N.J. Eq. 319, 325.
The defendants, who are the heirs of the mortgagor, contend that under the former practice, their right to redeem was not exhausted until the foreclosure sale was confirmed by the court; that until such confirmation was obtained the sale was not a valid and effectual one in the law as contemplated by the statute and judgment. By analogy, they argue that such right to redeem survives under the new practice until at least ten days after sale by the sheriff for the reason that within such time objections to sale may be made and the sheriff is prohibited by rule from delivering the conveyance; that until the expiration of such time, the sale is incomplete whereas the statute and judgment contemplate a completed sale. I agree with the defendants' conclusion if, as they assert, their right to redeem survived until confirmation of sale by the court. If their premise is correct, their conclusion follows, otherwise, Rule
3:77-5, which eliminates the requirement of confirmation of sale by the court unless objection to the sale is made and heard, would operate to deprive the mortgagors of a substantial right.
The question to be decided, therefore, is whether or not the mortgagors had the right to redeem under the old practice (prior to September 15, 1948) until confirmation of sale by the court.
In Union Building and Loan Association of Camden etc. v.Childrey, 97 N.J. Eq. 20, Vice Chancellor Leaming held that where lands were sold under a decree in foreclosure and the sale confirmed but the deed not delivered, the right of redemption by the owner of the land is extinguished. The precise question presented here for determination was left open in his opinion. He said, at page 24:
It is unnecessary here to determine whether a right of redemption may be said to exist after the officer's public sale and before *Page 536 
its confirmation; in this case the sale has been regularly made and duly confirmed; etc."
However, in Federal Title, etc. Guaranty Co. v. Lowenstein,113 N.J. Eq. 200, it was Vice Chancellor Berry's opinion that a foreclosure sale is not fully a sale until confirmed by court order. This was the interpretation given to that opinion by the Court of Errors and Appeals in Vanderbilt v. Brunton Piano Co.,111 N.J.L. 595, 601. The court said (page 602) that the reasoning in the Lowenstein case "is * * * a sound exposition of equitable principles, etc."
Again, in Wootton v. Pollock, 119 N.J. Eq. 128, the Court of Errors and Appeals considered a suit for deficiency after a sheriff's sale on foreclosure, where the statute provided "all suits on said bond shall be commenced within three months from the date of the sale of said mortgaged premises", and the court said that the reasoning of a number of cases cited therein was applicable to the case under consideration; that upon the basis of such reasoning it appeared that there was no "sale" until it was judicially determined that the sale was valid and effectual; therefore, the sale was not complete until confirmation by the court, from which time the three months limitation imposed by the statute began to run.
The act of the sheriff in striking off the property did not constitute a contract with the purchaser. Justice Dixon said inRyan v. Wilson, 64 N.J. Eq. 797, 805:
"* * * the `sale' reported to the court is not a perfect contract made by competent parties, but is a bargain dependent upon the approval of the court to render it `valid and effectual in law'."
See, Karel v. Davis, 122 N.J. Eq. 526, 531.
Fortified with the foregoing authorities, it is my opinion that under the former practice, the mortgagors right to redeem continued until the sheriff's sale was confirmed by the court.
 I shall sign an order granting the defendants' motion. *Page 537