75 N.J. Super. 275 (1962)
183 A.2d 114
PENN FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHILADELPHIA, A CORPORATION, PLAINTIFF,
v.
PAUL JOYCE, DEFENDANT, AND DOROTHY M. JOYCE (NOW DOROTHY M. KANE), DEFENDANT-RESPONDENT, AND JOSEPH BROGAN, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1962.
Decided July 5, 1962.
*276 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Frank W. Thatcher argued the cause for appellant Joseph Brogan (Mr. Joseph R. Moss, attorney).
Mr. Saul Tischler filed a brief amicus curiae.
Defendant-respondent Dorothy M. Kane filed no brief and did not appear.
The opinion of the court was delivered by GAULKIN, J.A.D.
This case poses the question whether a mortgagor has the right, as a matter of course, to redeem the mortgaged premises after a foreclosure sale by the sheriff and prior to the delivery of the sheriff's deed to the successful bidder.
The foreclosure was of a mortgage given in 1953 by Paul Joyce and Dorothy M. Joyce, his wife (now Dorothy M. *277 Kane), to Penn Federal Savings and Loan Association. Execution was issued October 10, 1961. The sale was held November 10, 1961, at which time Joseph Brogan was the highest bidder. He bid $11,050. The foreclosure proceedings are not before us, and we do not know who was the owner of the property or the encumbrances thereon at the time of the sale, or whether the parties to this appeal had any interest in the property at the time of the sale other than as mortgagor and bidder.
Thereafter the said Dorothy M. Kane moved in the Chancery Division for an order permitting her to redeem the property. Her motion was supported only by an affidavit of her attorney which merely said that on November 20, 1961 he had tendered to the sheriff $11,150 on her behalf, "requesting that such funds be received for the redemption of such property," and that the sheriff had refused to accept it. The $11,150, the affidavit said, was "the amount due on the judgment with interest and costs, plus one hundred dollars additional [over the $11,050 bid] for any accrued interest."
The Chancery Division entered a judgment allowing redemption, relying solely upon Ghee v. Davenport, 2 N.J. Super. 532 (Ch. Div. 1949), affirmed on the opinion below as to the mortgagor's right to redeem, but modified in other respects, in 4 N.J. Super. 518 (App. Div. 1949). Brogan now appeals.
Because of the importance of the question, and since Mrs. Kane filed no brief and entered no appearance in this appeal, we requested Mr. Saul Tischler to file a brief amicus curiae. His brief, which supported the judgment below, has been of great value and assistance to us.
An examination of the transcript of the argument before the Chancery Division indicates that no case other than Ghee v. Davenport, supra, was cited to the trial judge. In the later case of Crane v. Bielski, 27 N.J. Super. 448 (App. Div. 1953), another part of this court disagreed with the holding in the Ghee case, and held that the mortgagor *278 had no right to redeem after the sheriff's sale. The Supreme Court reversed Crane v. Bielski in 15 N.J. 342 (1954), but upon other grounds, expressly refusing to resolve the conflict between the Ghee and the Crane Appellate Division opinions. It said (p. 346):
"The appellants [in the Crane case], however, did not press their claim as an absolute right of redemption under the Ghee case, supra * * *. Rather, they relied upon an equitable doctrine based on mistake and misunderstanding, and in view of the fact that our determination turns upon the applicability of this principle, we prefer not to decide the issue presented by the Ghee case, being apprehensive it might, under these circumstances, be characterized as mere dictum."
Quite independent of statute or rule of court, Chancery has inherent power to set aside a sale or to order redemption "when there is an independent ground for equitable relief, `such as fraud, accident, surprise, irregularity in the sale, and the like * * *.'" Crane v. Bielski, supra, 15 N.J., at p. 346; see also Large v. Ditmars, 27 N.J. Eq. 406 (Ch. 1876); Nevius v. Egbert, 31 N.J. Eq. 460 (Ch. 1879); Kirkpatrick v. Corning, 48 N.J. Eq. 302, 303 (E. & A. 1891). And confirmation may be refused in the court's discretion for a reason which might not be sufficient to set aside the sale. Ryan v. Wilson, 64 N.J. Eq. 797, 802 (E. & A. 1903). In the Crane case the appellants relied, and the Supreme Court granted relief, "upon an equitable doctrine based on mistake and misunderstanding." In the case at bar, however, Mrs. Kane made no effort to show herself entitled to redemption upon general equitable doctrines. She relied solely on the absolute right of redemption declared in Ghee. We are therefore compelled to decide whether to follow Ghee or Crane.
The Ghee case held that since, under then Rule 3:77-5 (now, as amended, R.R. 4:83-5), the court could disapprove the sale if objection to it were filed before the delivery of the deed by the sheriff, the right of redemption continued until exhaustion of the possibility of disapproval, *279 even if no objection to the sale were filed. The court held that prior to the adoption of Rule 3:77-5 the right of redemption continued after sale and at least until confirmation, and therefore the rule should not be construed as changing the pre-existing law since this "would operate to deprive the mortgagors of a substantial right." The court based the premise as to the former right of redemption upon the cases of Ryan v. Wilson, supra; Atwood v. Carmer, 75 N.J. Eq. 319 (Ch. 1909); Federal Title & Mortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200 (Ch. 1933); Vanderbilt v. Brunton Piano Co., 111 N.J.L. 596 (E. & A. 1933); Wootton v. Pollock, 119 N.J. Eq. 128 (E. & A. 1935); and Karel v. Davis, 122 N.J. Eq. 526 (E. & A. 1937).
We have examined those cases and find that none of them was a case in which there was an application to redeem after a sheriff's sale, and that none of them convinces us that we should follow Ghee. Ryan v. Wilson was an appeal from the refusal to confirm a sale by executors to pay debts of the estate. In Atwood v. Carmer the application to redeem was made before the sheriff's sale. In Federal Title & Mortgage Guaranty Co. v. Lowenstein the sole issue was the power of equity to deny confirmation of a mortgagee's bid of $100 made during the depression. The Court of Chancery held that it had the power to compel the mortgagee to credit the mortgagor with the true value of the property. Vanderbilt v. Brunton Piano Co. was an action at law for a deficiency following a foreclosure sale, in which the court dealt with the constitutionality of the statute, passed during the depression, permitting the mortgagor to raise, in a deficiency suit, the issue of the fair market value of the mortgaged premises at the time of the sale. Wootton v. Pollock dealt with the construction of L. 1933, c. 82, which provided that suits for deficiency shall be instituted within three months after the foreclosure sale. The court pointed out that it dealt only with the "narrow question * * * whether the *280 date of sale referred to in the statute is that whereon the sheriff strikes off the property." The court held that the word "sale" in the statute meant a confirmed sale, and that the three months was to be calculated from the date of confirmation. However, the court made it plain that this was all it was deciding, for it said:
"We are familiar with those decisions which hold that, for certain purposes, the rights of the parties are fixed as of the time of the sheriff's sale, and that the confirmation relates back to the striking off of the property, but do not conceive that those cases control the situation here presented, where the question is the meaning of the word `sale' in this statute for the purpose of starting the running of the three months' period after which no suit for deficiency may be brought."
Compare Pennsylvania Co., etc. v. Broad St. Hospital, 354 Pa. 123, 47 A.2d 281 (Sup. Ct. 1946) with Marx Realty and Improvement Co. Inc. v. Boulevard Center, Inc., 398 Pa. 1, 156 A.2d 827 (Sup. Ct. 1959).
Karel v. Davis was a case in which the bidder asked that the sale not be confirmed, and that she be relieved of her bid, because of the mistake of the one who made the bid on her behalf in the absence of her attorney because of illness.
These cases stand for no more than the proposition that for some purposes the sale is not complete until it has been confirmed. Compare Carpenter v. Shanley, 75 N.J. Eq. 369 (Ch. 1909), and Cropper v. Brown, 76 N.J. Eq. 406, 413 (Ch. 1909), which hold that for other purposes it is. In none of them is there even discussed the question of the mortgagor's right to redeem between sale and confirmation on other than the equitable grounds which have always permitted redemption.
Crane v. Bielski, on the other hand, relied upon Wimpfheimer v. Prudential Insurance Co. of America, 56 N.J. Eq. 585 (Ch. 1898) and Union Building & Loan Association of Camden v. Childrey, 97 N.J. Eq. 20 (Ch. 1924), both of which are in point, even though the facts *281 may be different from those at bar. In Wimpfheimer a bill to redeem was filed by a subsequent encumbrancer, one day after the sheriff's sale. The court said (p. 589):
"The principal question presented at the hearing * * * was whether a subsequent encumbrancer, who is a party to a foreclosure suit on a prior mortgage, after a sale under foreclosure, and a purchase at the sale by this prior mortgagee, may, if he files a bill before confirmation of the sale, redeem the prior mortgage without making the intervening encumbrancers or any of the defendants in the foreclosure parties, allowing the sale to stand as against them."
Vice-Chancellor Emery concluded, "I think a right of redemption of this character does not exist." Although the court did not deal expressly with what the situation would have been had the complainant been the sole owner and there had been no intervening encumbrancers, his discussion of the rights of bidders at pages 590-591 is pertinent here. The vice chancellor there said that the rights of the parties are fixed at the time of the sheriff's sale, subject only to confirmation by the court. He repeated that same thought in Phillips v. Youmans, 57 N.J. Eq. 130, 134 (Ch. 1898), saying that in New Jersey "there is no statute or practice (as in some states) authorizing redemption after sale. * * * The sale under foreclosure decree conveys all rights of complainant as well as defendants, and includes the entire right of redemption," citing Wimpfheimer.
In Union Building & Loan Association of Camden v. Childrey, supra, the application for redemption was made after the sale had been confirmed but before the deed was delivered. Although Vice-Chancellor Leaming said "it is unnecessary here to determine whether a right of redemption may be said to exist after the officer's public sale and before its confirmation," nevertheless the rationale of the decision does apply to the question now before us, for the court expressly held (p. 23):
"* * * I am convinced that the `sale' which the statute contemplates, and which the decree specifically refers to as the time when *282 the equity of redemption shall be deemed foreclosed, is the public sale made by the officer as distinguished from the deed of conveyance which is to be executed after the sale shall have been confirmed."
See also the discussion in Cropper v. Brown, supra, 76 N.J. Eq. 406, in which the court held that the bidder had to take title and pay the full purchase price even though the building on the foreclosed property had burned down before confirmation. Vice-Chancellor Garrison said, at p. 412:
"In New Jersey the courts have always endeavored to give the greatest stability to judicial sales, and upheld them unless there was some strong, equitable or legal reason to the contrary.
`A purchaser at an official sale becomes invested with a fixed and definite legal right, which is recognized and enforced by the law, and of which he cannot be deprived except upon some legal or equitable ground.' Chamberlain v. Larned, 32 N.J. Eq. [5 Stew.] 295 (Court of Errors, 1880, Beasley, C.J.). See, also, cases cited in Palladino v. Hilpert, 72 N.J. Eq., [2 Buch. 270] (at page 278, 65 Atl. 721 et seq.).
This right of the purchaser, in those cases in which confirmation is required, is fixed, though defeasible, and is subject to be defeated if the court refuses to confirm the sale, but, notwithstanding this, the right of the purchaser, and the correlative rights of the judicial officer, are established at the time of the sale and by the contract then made."
See also First Nat. Bank & Trust Co. v. MacGarvie, 22 N.J. 539, 545 (1956); Pennsylvania Co., etc. v. Broad St. Hospital, supra; Lansing v. Goelet, 9 Cow. 346, 391, 9 N.Y. Com. Law Repts. 664, 669 (1827); Brown v. Frost, 10 Paige 243, 4 N.Y. Ch. Repts. 962, 964 (Ch. 1843).
We conclude that there was no right to redeem, such as Mrs. Kane asserted, prior to Rule 3:77-5 and R.R. 4:83-5, and those rules did not create such a right, expressly or by inference. We consider that there is no rational basis in R.R. 4:83-5 from which to imply a right of redemption after the sheriff's sale. The rule simply gives an opportunity to object to the sale upon *283 legal or equitable grounds within the time specified therein. If in fact no objection is filed there is no perceivable justification to construe the rule as creating or recognizing an absolute right of redemption (not based upon equitable grounds) after sale for the additional period of ten days and until the actual delivery of the deed, however long that might take. Whether there should be a right of redemption after the sheriff's sale is not for us to decide. Compare the dissenting opinion of Stern and Jones, JJ. in Pennsylvania Co., etc. v. Broad St. Hospital, supra.
For the foregoing reasons, we follow Crane v. Bielski, supra, and reverse the judgment below. However, Mrs. Kane may have been misled by the Ghee case, and, as we have indicated, we know nothing of the underlying facts. If she believes she can prove a right to redeem under general equitable principles, she may move to do so by notice served not later than 30 days after the going down of our mandate. No costs.