SILVER vs. CAMPBELL.

Purchasers at sales under decrees of this court, if not already parties to the suit, are regarded, to a certain extent, as parties to it, to be under the control of the court on the one hand, and its protection on the other.  Such purchaser may therefore be compelled to complete his purchase in a summary way by an order upon him, without a bill, to pay the money or bring it into court.

On order to show cause why purchaser at sheriff's sale of mortgaged premises should not be ordered to complete his purchase.

*Mr. Luther Shafer*, for complainant.

*Mr. Muirheid*, for purchaser.

---

Silver *v.* Campbell.

---

THE CHANCELLOR.

The mortgaged premises have been twice sold under the execution issued in this cause, both times to the same person, Dr. Franklin Smith. At the first sale, he signed an acknowledgment of his purchase and paid the deposit required by the conditions of sale. He failed to pay the rest of the purchase money, and the sheriff again advertised the premises. At the second sale, Mr. Smith again purchased the property, and signed an acknowledgment of his purchase, and paid the required deposit. He has again failed to pay the balance of the purchase money. Application is now made for an order requiring him to pay that balance into this court. It does not appear that he is unable to pay it. He insists that he is at liberty to forfeit his deposit, and that the complainant's remedy in the premises is a re-sale of the property by the sheriff. He is in possession of the mortgaged premises. It appears that at the last sale, he procured another person to bid for him, and when the property was struck off on the bid of that person, Mr. Smith declared himself the purchaser, and signed the acknowledgment of the purchase and paid the deposit accordingly.

Purchasers at sales under decrees of this court, if not already parties to the suit, are regarded, to a certain extent, as parties to it, to be under the control of the court on the one hand, and its protection on the other. Such purchaser may therefore be compelled to complete his purchase in a summary way by an order upon him, without a bill, to pay the money or bring it into court. A purchaser will not be permitted to baffle the court. In this case the artifice to which the purchaser had recourse, in bidding at the last sale, is evidence of bad faith. He was probably aware that his bid would not, in view of his failure to complete his purchase at the former sale, be accepted. He therefore employed another person to bid for him. His object appears to have been to continue to hold possession of the property. He offers no reason why he should not be required to complete his purchase.

There will be an order, that he pay to the sheriff the balance of the purchase money in fifteen days from the time of service on him of a copy of the order to be entered in pursuance of this decision, and that he pay the costs of this application.