## BOWNE vs. RITTER.

1. The ordinary method of compelling a purchaser at a sale under an order of court, who has signed an acknowledgment of the purchase, to complete it, is by an order to show cause why an attachment should not issue against him, as for contempt.

2. But the parties in interest may, if they see fit, file a bill for specific performance, and sometimes the court will, itself, in a case of doubt, and where the ends of justice will be served by it, give that shape to the litigation.

3. Such a bill, filed without direction of the court, is not liable to demurrer by the purchaser, on the ground that there is a more summary method of compelling him to abide by his contract.

4. The officer making a judicial sale, representing all the parties in interest, is the only necessary party complainant to a bill to enforce performance of an agreement to purchase.

5. On a contract which provides for the payment of interest, but fixes no rate, the law fixes it at the legal rate.

On demurrer to bill for specific performance.

*Messrs. Parker* and *Gummere*, for the demurrer.

*Messrs. Stone* and *Jackson*, contra.

THE CHANCELLOR.

In a suit in this court for partition of land in Union county, between tenants in common, the complainant was appointed commissioner to sell the property. Pursuant to the order of this court, he put up the property for sale at public auction, and it was struck off and sold to the defendant, who was the highest bidder. The latter signed an acknowledgment of his purchase, and gave his check for the amount of the deposit required by the conditions. The check was dishonored, and the deposit remains unpaid. The complainant duly reported the sale to the court, and it was confirmed, and he was directed to execute and deliver a deed to the defendant on his complying with the terms of the sale. The defendant refusing to complete his purchase, the bill in this cause was filed to compel specific performance of his agreement. He demurs for want of equity, want of parties, and for uncertainty in the terms of the agreement. The ordinary method of compelling a purchaser, under circumstances such as are presented by this case, to complete his purchase, is by order to show

cause why an attachment should not issue against him as for contempt. *Brasher's Executors* v. *Cortlandt*, 2 *Johns. Ch. R.* 505 ; *Wood* v. *Mann*, 3 *Sumn.* 318; *Cazet* v. *Hubble*, 36 *N. Y.* 677 ; *Bennet's Prac.* 168 ; *Hoffman's Mast. in Ch.* 234, 235 ; *Silver* v. *Campbell*, 10 *C. E. Green* 465.

The advantages of this method are so obvious, it is so expeditious, fair, and comparatively inexpensive, that it is favored by the court in the interest of all parties. It affords the purchaser full opportunity to present and support his objections, and it does speedy justice between the parties. But the parties in interest may, if they see fit to do so, file a bill for specific performance, and sometimes the court will, itself, in a case of doubt and where the ends of justice will be served by it, give that shape to the litigation. *Gordon* v. *Saunders*, 2 *McCord's Ch.* 151. *Ely* v. *Perrine*, 1 *Green's Ch. R.* 396, was a suit for specific performance, brought under circumstances similar to those which are presented by this case, by a sheriff, against a purchaser who had purchased land at a sale by the sheriff under a *fieri facias* out of this court, and refused to complete his purchase. It does not appear by the bill, in the present case, whether the bill was or was not filed by direction of the court. But admitting that it was filed without the direction of the court, that fact cannot avail the defendant. The statements of the bill (which, on demurrer, are to be taken as true,) are sufficient to justify a decree for specific performance. For aught that appears, the parties to the partition suit are the promoters of this suit. They, at least, make no objection to it. It is the purchaser who, having unjustly refused to complete his purchase, demurs to the bill, on the ground that there is a more summary method of dealing with him in the premises, and of compelling him to regard and abide by his contract.

Nor is there any validity in the objection for want of parties. The contract was between the complainant and the defendant. The former represents all the parties in the partition suit, and he sues in his representative capacity. On payment of the money he could give a complete and effectual

discharge. *N. J. Franklinite Co.* v. *Ames,* 1 *Beas.* 507 ; *Sweet* v. *Parker,* 7 *C. E. Green* 453 ; 1 *Daniell's Ch. Pr.,* (*4th ed.*) 224, 230.

The defendant also raises the objection that the agreement is uncertain. This objection is based on the provision in the agreement, that the purchaser should pay interest (without naming the rate) on the balance of the purchase money remaining after deducting the deposit, from the day of sale. It is established, that upon a contract which provides for the payment of interest, but fixes no rate, the law fixes the rate at the legal rate. *Griffith* v. *Clute,* 4 *Halst.* 264. There is no uncertainty in the contract.

The demurrer will be overruled, with costs.