Force *v.* City of Elizabeth.

---

ISABELLA FORCE

v.

CITY OF ELIZABETH.

1. As to parties holding simply the relation of creditor and debtor, compound interest will not be allowed.

2. A money bond, issued by a body politic under authority of law, payable to bearer, has the negotiable quality of ordinary commercial paper, and if, while it is a valid instrument, it reaches the hands of an innocent holder for value before maturity, although he derives his title from a thief, he will be entitled to recover the money due on it.

3. The alteration of the number of a bond, where different bonds of the same series are distinguished alone by the numbers, will render the instrument void in the hands of the person who made the alteration, and also in the hands of those who claim under him.

Force *v.* City of Elizabeth.

4. While the alteration of a stolen bond by a thief will avoid it as to him and those who claim under him, it will not impair the rights of the true owner.

5. Spoliation of a written contract by a thief or a stranger, will not destroy the rights of an innocent owner, if it can be clearly shown what it was in its perfect form.

6. If a lost instrument is found pending a suit to recover on it as a lost instrument, the suit will not thereby be defeated unless the instrument is restored to the complainant.

On final hearing on pleadings and proofs.

*Mr.. Barker Gummere,* for complainant.

*Mr. R. E. Chetwood,* for defendant.

THE VICE-CHANCELLOR.

This suit was brought to compel the defendant to pay the complainant the amount due at its commencement, and also whatever might become due during its pendency, on two bonds issued by the defendant and subsequently purchased by the complainant, and which were afterwards stolen from the vault of the Trenton Banking Company, where they had been deposited for safety. The complainant's right to maintain this action has been decided. 12 *C. E. Gr.* 408.

The proofs entitle the complainant to the conditional relief she asks in respect to the $500 bond. Interest is claimed on the amount of the unpaid interest coupons from the time

NOTE.—The rule that interest shall not bear interest, unless by express agreement made after such interest is due, has been recognized in New Jersey. *MS. July,* 1827, *Williamson, C., Stew. Dig.* p. 656, § 36; *Corrigan* v. *Trenton Del. Falls Co.,* 1 *Hal. Ch.* 232, 245.

As to the rule adopted in England, see *Waring* v. *Cunliffe,* 1 *Ves.* 99; *Atwood* v. *Taylor,* 1 *M. & G.* 279; *Eaton* v. *Bell,* 5 *Barn. & Ald.* 34; *Ferguson* v. *Fyffe,* 8 *C. & F.* 121; *James* v. *Emery,* 2 *Moore* 195.

It has been so held in Massachusetts. *Hastings* v. *Wiswall,* 8 *Mass.* 455; *Henry* v. *Flagg,* 13 *Met.* 64; *Ferry* v. *Ferry,* 2 *Cush.* 92; but see *Greenleaf* v. *Kellogg,* 2 *Mass.* 568.

In California. *Doe* v. *Vallejo,* 29 *Cal.* 385.

Force *v.* City of Elizabeth.

indemnity was offered and refused.   To sanction this claim. compound interest must be allowed.   Such allowance would not be usury, but it has been said to savor of it, and obviously tends to the encouragement of avarice.   The courts of some of our sister states have held that, where the payment of the principal debt is postponed to a distant day, and interest by the terms of the contract runs from its date and is payable annually or semi-annually, interest may be charged on each installment of interest from the time it falls due.   2 *Chitty's Con.* (11*th Am. Ed.*) 957, note (*h*).   But I am not aware that any tribunal of this state has sanctioned this method of computation.   This may be a very proper case in which to sanction it, but until it is demonstrated that it is more equitable in any case where the parties hold merely the relation of creditor and debtor, that the debtor should pay compound rather than simple interest, I think simple interest only should be allowed.   Under the other rule, if interest is payable monthly, or oftener, but is in fact paid annually, the debtor will be compelled to pay considerably more than the legal rate per annum.   In ascertaining the sum due to the complainant, no interest will be computed on the overdue interest.   The complainant's right to recover the amount due on the other bond depends entirely upon the fact whether the payment of it set up in the answer was made under such circumstances as to constitute in law a valid discharge of the debt secured by the bond.   The proofs show that the complainant, immediately after the theft, took

In Maine.   *Doe* v. *Warren,* 7 *Greenl.* 48 ; *Bannister* v. *Roberts,* 35 *Me.* 75. See also *Howe* v. *Bradley,* 19 *Me.* 31 ; *Farwell* v. *Sturdevant,* 37 *Me.* 308 ; *Stickney* v. *Jordan,* 58 *Me.* 106.

In Maryland.   *Banks* v. *McClellan,* 24 *Md.* 62.

In Illinois.   *Leonard* v. *Villars,* 23 *Ill.* 377.

In Indiana.   *Niles* v. *Commissioners,* 8 *Blackf.* 158.

In Michigan.   *Von Husan* v. *Kanouse,* 13 *Mich.* 303.

In Ohio.   *Watkinson* v. *Root,* 4 *Ham.* 373 ; *Averill Coal Co.* v. *Verner,* 22 *Ohio St.* 372.

In New York.   *Connecticut* v. *Jackson,* 1 *Johns. Ch.* 13 ; *Henderson* v. *Hamilton,* 1 *Hall* 314 ; *Toll* v. *Hiller,* 11 *Paige* 228 ; *Forman* v. *Forman,* 17 *How. Pr.* 265.

27

Force *v.* City of Elizabeth.

all the necessary legal steps to protect herself against the consequences of the theft, and to place herself in a position where she might successfully resist the claim of any holder who did not come with the bond perfect in form, and exhibit a right to the payment of it which the law would compel the defendant to recognize. The instrument was a coupon bond issued by the defendant under authority of law, payable to bearer, and transferable by delivery. According to well-established legal rules, it had all the qualities of ordinary commercial paper, and if, while it was a valid instrument, and before its maturity, it reached the hands of an innocent holder for value, although he derived his title from a thief, his title would be superior to that of the person from whom it was stolen. But a single authority is necessary on this point. *Boyd* v. *Kennedy*, 9 *Vr.* 146.

The bond in question was one of a series of seven of $1,000 each, numbered from 1711 to 1717 inclusive ; all dated July 1, 1870, payable to bearer July 1, 1876, with interest payable semi-annually, to be drawn on the coupons issued with and attached to the bonds. The subject of this controversy, when issued, and also when stolen, bore the number 1711. Before presentation for payment its number was changed to 1714. The one bearing the genuine number, 1714, had been taken up and cancelled by the defendant some time before the one bearing the forged number was presented to

---

In Missouri. *Stone* v. *Bennett*, 8 *Mo.* 41 ; *Stoner* v. *Evans*, 38 *Mo.* 461.

In Pennsylvania. *Stokely* v. *Thompson*, 34 *Pa. St.* 210.

In Virginia. *Childers* v. *Deane*, 4 *Rand.* 406 ; *Pindall* v. *Bk. of Marietta*, 10 *Leigh* 481.

But in some states it is held that where the interest is payable in installments, as semi-annually, interest may be recovered thereon after refusal or neglect to pay such installment. So held in Tennessee. *House* v. *Tenn. College*, 7 *Heisk.* 128 ; but see *Union Bank* v. *Williams*, 3 *Cold.* 579.

In Kentucky. *Talliaferro* v. *King*, 9 *Dana* 331 ; but see *Gray* v. *Bate*, 8 *B. Mon.* 573.

In North Carolina. *Kennon* v. *Dickens*, *Tay.* 231 ; *Bledsoe* v. *Nixon*, 69 *N. C.* 89 ; *Bratton* v. *Allison*, 70 *N. C.* 498.

In New York. *Howard* v. *Farley*, 3 *Robert.* 308 ; see *Stewart* v. *Petree*, 55 *N. Y.* 621.

Force v. City of Elizabeth.

the defendant's agent for payment. I think it is perfectly clear the alteration of the number destroyed the bond as a means of legal proof, not only in favor of the person who made it, but of any subsequent holder who must trace his title to him; each bond of this series was the exact counterpart of the others, except in the number; that was the only mark of distinction, and a change in that destroyed all evidence of identity. This one was paid on presentation, because it bore on its face a representation that it was not the stolen bond. There can be no doubt, had the alteration been the sensible, deliberate act of the complainant, it would have destroyed her title to the .debt. The supreme court have declared, speaking by Chief Justice Beasley, that even immaterial alterations are fatal, because,' to render any rule upon the subject efficacious, it must absolutely interdict the owners of written contracts from tampering with them at all. *Hunt v. Gray*, 6 *Vr.* 227. It is not shown who made the alteration, but the evidence clearly shows it was made between the time the bond was stolen and when it was paid. This being the case, it is clear the bond was worthless paper in the hands of the person who presented it for payment. The defendant paid it to a person who had no title whatever to the debt. It was a payment without liability. It can, therefore, have no effect whatever against the complainant. A payment, to be effectual against her, must have been made

---

In New Hampshire. *Peirce* v. *Rowe*, 1 *N. H.* 179; *Townsend* v. *Riley*, 46 *N. H.* 300.

In Rhode Island. *Wheaton* v. *Pike*, 9 *R. I.* 132, 11 *Am. Rep.* 227; *Lanahan* v. *Ward*, 10 *R. I.* 299.

In Vermont. *Austin* v. *Imus*, 23 *Vt.* 286.

In Iowa. *Preston* v. *Walker*, 26 *Ia.* 327; see *Aspinwall* v. *Blake*, 25 *Ia.* 319.

In Ohio. *Anketel* v. *Converse*, 17 *Ohio St.* 11.

In South Carolina. *Gibbs* v. *Chisholm*, 2 *N. & M.* 38; *Doig* v. *Barkley*, 3 *Rich.* (*Law*) 125; *Singleton* v. *Lewis*, 2 *Hill* (*Law*) 408; *Wright* v. *Eaves*, 10 *Rich.* (*Eq.*) 582; but see *O'Neall* v. *Sims*, 1 *Strobh.* (*Law*) 115; *DeBreul* v. *Neuffer*, *Ibid.* 426.

In Texas. *Lewis* v. *Paschal*, 37 *Tex.* 315.

The rule established by the supreme court of the United States, is that interest warrants or coupons, in a negotiable form draw interest.

in discharge of a legal liability which could have been enforced by suit.

Under the old rule upon this subject, the corrupting act of the thief, (and the alteration will be presumed to be his act, for without it he could not have obtained the benefit of his plunder without great danger of exposing his crime,) would have been as destructive of the complainant's right to the debt as it is now of that of the person who must trace his title to the thief, for that declared an instrument to be totally avoided, as to all persons, by an alteration in a material part, whether it was made by a party to the instrument or a stranger. The modern rule in force in this state is manifestly more consonant to reason and justice. It does not compel a person to suffer loss as the consequence of the act of another which he did not consent to, but which he would have prevented if he could, but prescribes that an alteration by a stranger shall not avoid the instrument to the owner if it can be clearly shown what it was in its perfect condition. *Hunt* v. *Gray, supra.* In this case it is admitted the bond paid by the defendant as 1714, in its original and perfect form was 1711. No other change is claimed or shown.

The defendant asks for the dismissal of the bill as to the relief asked in respect to the bond which has been paid pending the suit, on the ground that it is not now a lost instrument. When the suit was brought, the bond was in the

---

after payment of them is unjustly neglected or refused. *Aurora City* v. *West,* 7 *Wall.* 82, citing *Gelpcke* v. *Dubuque,* 1 *Wall.* 206 ; *Thomson* v. *Lee County,* 3 *Wall.* 327 ; *Hollingsworth* v. *Detroit,* 3 *McLean* 472.

The same rule has been followed in Virginia, New York, Pennsylvania, [but see *Emlen* v. *Lehigh, &c. Co.,* 47 *Pa. St.* 76,] South Carolina, Texas, Maryland, Indiana, Wisconsin and Rhode Island. 2 *Dan. Neg. Inst.,* §§ 1513, 1514.

A contrary doctrine, however, has been adopted in Illinois, *Ibid.,* and in Connecticut, *Rose* v. *Bridgeport,* 17 *Conn.* 243.

*Mandamus* is not the proper remedy to collect interest on coupons, where the law under which the bonds were issued only requires a tax to be levied to pay the coupons themselves. *Commissioners* v. *King,* 13 *Fla.* 451.—Rep.

hands of the thief, or of some person deriving title from him. It was then lost to the complainant. Finding it during the pendency of the suit ought not to defeat jurisdiction unless it is restored to the complainant. *Story's Eq. Juris.* (12th *Ed.*,) § 88, note 4. Until the instrument is restored to the rightful owner, in legal theory as well as practically, it must be regarded as lost.

The complainant is entitled to a decree directing payment to be made to her of the amount due on both bonds, upon proper indemnity being given to the defendant against any liability which may be claimed or shown to exist against the defendant in favor of any person on the $500 bond.