ROBERT HENDERSON et al., complainants-appellants,

*v.*

THOMAS HENDERSON and FRANK VAN SYCKLE, defendants-appellees.

[Submitted March 27th, 1925.   Decided May 18th, 1925.]

1. The discretionary power of the court of chancery to specifically enforce contracts, whether of its own officers or others, should only be exercised on meritorious grounds.

2. Where a receiver of a partnership took no steps in the administration of his trust for nearly six years after his appointment, and then, with the members of the partnership and their wives, entered into a contract to sell lands that were the property of the partners as tenants in common and presumably did not pass to him as receiver of the partnership, and more than seven years later the assignee of the contract to purchase filed a petition in the insolvency proceedings praying for an order confirming the sale, such order should not be granted on account of the laches of the petitioner, the property having largely increased in value, and the inequitable character of the petition on its merits, the receiver having paid the interest and taxation charges on the property, while the petitioner was in possession thereof.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, whose opinion is reported in *97 N. J. Eq. 161.*

24

*Mr. John E. Toolan* and *Mr. William A. Spencer,* for the appellants.

*Mr. Joseph E. Stricker,* for the appellees.

The opinion of the court was delivered by

LLOYD, J.

Robert Henderson and Thomas Henderson were engaged as co-partners in the general contracting business in Perth Amboy, and, becoming financially embarrassed, Thomas Henderson, on August 26th, 1911, filed a bill in chancery praying a dissolution of the partnership and the appointment of a receiver to take into possession the partnership assets and to convert its property into money under the direction of the court. On September 6th, 1911, a decree was made dissolving the partnership and appointing a receiver in the person of Charles K. Seaman to "take possession of all the effects or property due or belonging to the said partnership, and that the said effects and property of or belonging to the said partnership be sold and converted into money under the direction of" the court.

The receiver took no steps in the administration of his trust until June 17th, 1917, when he, together with the Hendersons and their wives, entered into an agreement with one Emil Stremlau as purchaser for the sale of two lots of ground in Perth Amboy for the price of $6,500, upon which a deposit of $100 was made. On June 21st, 1917, Stremlau assigned the contract to Frank Van Syckle. Van Syckle soon afterward went into possession of the property and has so remained. On September 17th, 1924, more than seven years later, Van Syckle filed a petition in the insolvency proceedings praying for an order confirming the sale, and that the receiver deliver a deed to the petitioner for the lots. While Seaman, the receiver, alone was made a party to the petition, the court issued a rule to show cause addressed, not only to the receiver, but also to Robert Henderson, his wife, Evelyn, and Anna Henderson.

In the opinion filed by Vice-Chancellor Church it is stated that only the receiver appeared in response to the order to show cause and resisted the application, and this on the ground that the property had increased in value. On the return of the order to show cause a decree was made confirming the sale, and requiring the parties named in the rule, together with Anna Henderson as executrix of Thomas Henderson (who had since died), to execute a deed to the petitioner.

From this decree an appeal is taken by Robert Henderson and by Anna A. Henderson, individually and as executrix of Thomas Henderson. Examination of the record discloses that while Van Syckle had been in possession of the property from 1917 until 1924, a period of more than seven years, he had taken no steps to enforce the completion of the agreement beyond requests to the receiver that the latter execute a deed for the property; that a mortgage of $3,000 exists upon the property upon which, presumably, the receiver had paid the interest, and if not paid now must be paid under the decree, inasmuch as the conveyance is directed to be made clear of encumbrances for the sum of $6,400, balance of the agreed price. Presumably, also, the taxes have been or must be paid by the receiver. The affidavits filed on behalf of the petitioner set forth a present value of the lots at $10,000, and those on behalf of the receiver a value of $15,000. From these it is fair to assume a valuation between the two estimates, and if $12,500 be taken as the present true value the petitioner has been in the agreeable position of possessing the property, enjoying its use, seeing its worth gradually increase, and at the same time retaining the purchase price, while the receiver carried the burdens of taxation and interest charges on the mortgage. It is difficult to imagine a case more devoid of merit in a court of equity than that of the petitioner. It was open to him in 1917 to apply to the court to enforce his contract as he has now done. He preferred to wait until the enhancement in value presented an opportunity with highly profitable results. This, we think, he could not do. Not only is the prayer of the petitioner inequitable on its merits, but

the case discloses a degree of laches which should have restrained the hand of the court. The discretionary power of the court to specifically enforce contracts, whether of its own officers or of others, should not on meritorious grounds have been exercised.

There were, however, other obstacles to the court's action in the present case. According to the petition the lands in question were held by the Hendersons as tenants in common. The presumption was therefore that it was their individual property and did not pass to the receiver by virtue of the decree declaring the partners insolvent and directing the receiver to take into possession partnership property. *30 Cyc. 435.* From the record before us it is not shown that the court had jurisdiction of the subject-matter. Again, the petition applied only for an order on the receiver, the court's officer. By what right the wives of the parties could by a rule to show cause, for which no one had asked be made to respond to what, in effect, is turned into a bill for specific performance. to convey real estate, it is difficult to see. In the lots the wives, presumably, had dower rights. They were not parties to the insolvency proceedings of the Henderson partnership, and could not be compelled to part with their interest in this summary manner, whether the lots were partnership property or belonged to the individual members of the firm. The proceedings in chancery for such purpose is by bill and subpœna. Having found that the decree, on meritorious grounds, should have been refused, it is unnecessary to pursue further the question of jurisdiction or that of procedure.

The decree is reversed, with direction to the court below to dismiss the petition and to impose the costs of the proceeding on the petitioner.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ. 15.