The facts relating to this motion are, briefly, these: At an auction sale of lands held January 8th, 1925, Francis F. Jasinski purchased from the receivers of the New Jersey Refrigerating Company premises in Bayonne, New Jersey, for which she agreed to pay $22,800. The sale was confirmed by this court. Thereafter, Mrs. Jasinski filed a petition praying that the sale be set aside and that she be relieved from her contract on the ground of material misrepresentation. The receivers filed an answer which was in the nature of a counter-claim. They prayed that the petition be dismissed and that Mrs. Jasinski be compelled to complete the contract. This court denied Mrs. Jasinski's plea as to material misrepresentations.
When the matter came before me on the question of fixing the terms of the decree, it was argued that this court is without power to enter a decree directing the petitioner to consummate the purchase, because such relief can only be obtained as the result of a suit for specific performance. *Page 153 
The case of Umbach v. Umbach, 82 N.J. Eq. 427, was heard on petition of the purchaser and counter-claim of complainant. The purchaser sought to be relieved of his bid. The complainant sought to compel the purchaser to perform. The prayer of complainant was granted.
In the Union Building and Loan Association, c., 2 Mis. R.567, Vice-Chancellor Leaming, in discussing the rights of a purchaser at a public sale, says:
"Unless that sale should be set aside by failure of confirmation or for other cause, the purchaser at the public sale can enforce a formal conveyance, and specific performance can be enforced against such purchaser either by petition in the foreclosure suit or by bill for specific performance."
In the case of Silver v. Campbell, 25 N.J. Eq. 465 (at p.466), it was held:
"Purchasers at sales under decrees of this court, if not already parties to the suit, are regarded, to a certain extent, as parties to it, to be under the control of the court on the one hand and its protection on the other. Such purchaser may, therefore, be compelled to complete his purchase in a summary way by an order upon him, without a bill to pay the money or bring it into court."
I, therefore, find that the court in this case can require the petitioner to perform under the pleadings as filed.
Several reasons are alleged as to why the petitioner should not be required to perform. One is that such a ruling would amount to a decree of specific performance without giving petitioner an opportunity to be heard. In this case the answer of the receivers was filed praying for specific performance. The petitioner filed no reply thereto, indicating why she should not be compelled to specifically perform, which, of course, had she wished, she could have done. She had ample opportunity. Another objection is that there is an adequate remedy at law. This seems to be disposed of in Law v. Smith, 68 N.J. Eq. 81, where the court said:
"The remedy by a suit at law to recover the whole purchase-money based on a contract and a tender of a conveyance, is the old answer set up to any suit for specific performance *Page 154 
in equity by vendor against vendee. It has long since been abandoned.
"The difficulties in the way of using it are manifest. The vendor plaintiff at law ought not to be compelled to part with his title until he has received the purchase price. If he obtain a judgment for the whole price, he ought not to be permitted to collect the money from the defendant by execution thereon until the title is vested in the other. Here comes in the convenience, if not the necessity, for the machinery of this court. The parties meet in a master's office and the decree is performed under his supervision."
In Smith v. Smith, 84 N.J. Eq. 299 (at p. 309), this doctrine was approved.
The case of Henderson v. Henderson, 97 N.J. Eq. 761, has been referred to by counsel for petitioner. This can hardly be cited as authority, as it was reversed by the court of errors and appeals. 98 N.J. Eq. 369.
I shall therefore advise a decree that, should the purchaser fail to comply with the order directing her to perform, the balance of the purchase price, with interest, shall be impressed as a lien upon said lands so that they may be sold to satisfy such lien. Should a deficiency arise, the petitioner must pay it. This course was approved in Smith v. Smith, supra.
Another case is before me which involves practically the same questions which I have herein discussed. It is New JerseyRefrigerating Co. v. Henry B. O'Donohue and Gustav W. Lembeck.
In this matter I will advise a similar decree for the same reasons, as I think the cases are practically identical. *Page 155