ABRAHAM H. GOTTLIEB,

*v.*

WEST RIDGELAWN CEMETERY.

[Decided February 1st, 1932.]

*Mr. Abraham M. Herman,* for the appellant.

*Messrs. Levitan & Levitan,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

One Shelley R. Safir, having recovered a judgment against the West Ridgelawn Cemetery, assigned the same to the present complainant. Subsequent to the assignment, Gottlieb instituted this action, averring in his bill of complaint that he was unable to collect his judgment by execution, for the reason that such action on his part is prohibited by sec-

tion 8 of the Cemetery act (*Comp. Stat. p. 375*), which provides that cemetery lands shall not be liable to be sold on execution or be applied in payment of debts due from any individual proprietors, but that the proprietors of lots or plots in such cemeteries shall hold the same exempt therefrom so long as the same shall remain dedicated to the purposes of a cemetery. In view of this statutory bar, he further avers that he is without adequate remedy in a court of law, and prays a decree directing the defendant company to disclose its goods, chattels, rights and credits and other assets, and that a decree may be made directing the defendant to pay the amount of the judgment out of such property, except the land devoted to cemetery uses, and that a receiver be appointed to carry on the business of the corporation and collect moneys due to it sufficient to pay over to the complainant the amount of his judgment, with interest. The defendant answered, setting up that the judgment was based upon a contract entered into by the plaintiff's assignor and the cemetery company, by the terms of which the purchase of certain cemetery lots by the former should be canceled and the purchase money therefor returned to him by the cemetery company, at his option, upon his surrender to the company of the deeds for said lots; that such deeds had not been delivered to the company, either by the plaintiff or his assignor, and that, consequently, the judgment was not enforceable. The vice-chancellor before whom the case was heard considered that these facts constituted no defense to the present suit, and, a receiver having already been appointed, advised the making of a decree referring it to one of the masters of the court to ascertain and report what land of the cemetery company is actually in use for burial purposes and what is not used for actual burial purposes and in which no bodies have been interred, and whether the whole or any part of the land not actually used for burial purposes should be sold to satisfy the complainant's judgment. From the order entered in pursuance of this advice the cemetery company has appealed, and its principal contention before us is

that the vice-chancellor erred in holding that the failure of the complainant's assignor and of the complainant himself to deliver up the deeds for the cemetery lots was not a bar to the collection of the judgment.

We find no error in the conclusion reached by the vice-chancellor. The judgment against the cemetery company is an outstanding debt, and, so long as it remains unreversed, it is enforceable against the defendant. We consider, however, that the portion of the decree which directs a reference to a master to determine whether lands of the cemetery company which are not actually used for burial purposes should be sold to satisfy the complainant's judgment is erroneous. In our opinion, under the statute, the land of the cemetery company cannot be sold for the purpose of satisfying a judgment if it is a part of a tract laid out in lots for burial purposes, although not presently used for such purposes. The mere fact that these lots have not yet been appropriated to the interment of bodies is immaterial. The statutory provision which has been cited provides that such lots shall not be subject to execution, and the court of chancery, therefore, has no more right to direct a sale of such lots for the purpose of satisfying a judgment than has a court of law.

To the extent indicated, we are of the opinion that the decree is erroneous and should be reversed, as the expense incurred in carrying it out will naturally be imposed upon the cemetery company and will place upon it a burden which it ought not to be required to meet.

The decree will be modified to the extent indicated.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.