## State Board of Tax Appeals.

### WEST RIDGELAWN CEMETERY, PETITIONER, v. CITY OF CLIFTON, RESPONDENT.

Decided May 19, 1942.

For the petitioner, *Louis A. Fasl.*

For the respondent, *John J. Dluhy.*

Quinn, President. These are appeals from judgments of the Passaic County Board of Taxation, dismissing applications for exemption from taxation of certain lands and improvements alleged to constitute non-taxable cemetery property. The property in question was duly assessed for taxation for the year 1940 by the City of Clifton, as four separate parcels. For the sake of a clear understanding of the questions presented, it is necessary briefly to review some of the recent history of the petitioner and to refer to the tax appeals prosecuted by it from assessments for the year 1938, upon two of the four parcels here in question.

As of October 1st, 1937, petitioner held legal title to certain acreage northwesterly and southwesterly of Dwas Line Road and east of Allwood Road, in Clifton. The property southeast of Dwas Line Road consisted of two tracts, one

being fourteen and one-half acres and the other three and one-half acres in area. The larger of these tracts, bounded on three sides by Dwas Line Road, Allwood Road and Passaic Avenue, is designated as Block 281, Plot 30, 30 Passaic Avenue; the smaller, as Block 281, Plot 30A, 30A Passaic Avenue. Upon Block 281, Plot 30, was situated a frame and stucco cemetery office. Northwest of Dwas Line Road, as of the date stated, petitioner owned a tract of approximately sixty-four acres, forty-one of which constituted an integral parcel known as King Solomon Cemetery, assessed for taxation as Block 270, Plot 25, 25 Dwas Line Road, the remaining twenty-three acres being undeveloped woodland, assessed as Block 270, Plot 25A, 25A Allwood Road. On July 14th, 1939, under circumstances hereinafter related, the petitioner acquired title to twenty acres of land on Allwood Road northerly of King Solomon Cemetery and southwesterly of Block 270, Plot 25A. That tract is assessed as Block 270, Plot 1, Allwood Road. These properties, excepting Block 281, Plot 30A, are the four parcels under appeal in the present proceedings. The 1938 case involved only Block 281, Plot 30, Block 281, Plot 30A and Block 270, Plot 25. The assessment upon Block 270, Plot 25A was uncontested in that year, the property having been conceded to constitute undeveloped woodland on October 1st, 1937.

The proofs made before us in the 1938 case are fully detailed in the opinion of the board. *West Ridgelawn Cemetery* v. *City of Clifton, New Jersey Tax Reports,* 1934-1939, *p.* 775. It there appeared that by order of the Court of Chancery in January, 1936, the receiver of the petitioner had contracted to sell the eighteen acres comprised of Block 281, Plots 30 and 30A, and that the holder of the contract, on October 1st, 1937, was Cresthaven Cemetery Association, Inc., a business corporation. It was therefore held, under the authority of *Mausoleum Builders of New Jersey* v. *State Board,* 88 *N. J. L.* 592; 96 *Atl. Rep.* 494 (*Supreme Court,* 1916) ; *affirmed,* 90 *N. J. L.* 163; 100 *Atl. Rep.* 236 (*Court of Errors and Appeals,* 1917), that there was no right of exemption, the statutory exemption of "cemeteries and buildings

for cemetery use erected thereon," under *R. S.* 54:4-3.9; *N. J. S. A.* 54:4-3.9, not applying to property equitably owned and actually operated for commercial purposes by a business corporation. As to Block 270, Plot 25, the 1938 assessment was set aside, full and unfettered title thereto remaining in West Ridgelawn Cemetery on October 1st, 1937, and all of the property being shown to be actually used as a cemetery, or within reasonable contemplation therefor. *R. S.* 54:4-3.9; 8:2-27; *N. J. S. A.* 54:4-3.9; 8:2-27; *West Ridgelawn Cemetery* v. *City of Clifton,* 109 *N. J. L.* 146; 160 *Atl. Rep.* 534 (*Court of Errors and Appeals, 1932*).

The ruling of the board as to the parcel held taxable was affirmed upon *certiorari* by the Supreme Court, that tribunal considering both the record before the board and additional proofs taken by deposition. *West Ridgelawn Cemetery* v. *State Board of Tax Appeals,* 124 *N. J. L.* 284; 11 *Atl. Rep.* (*2d*) 593 (*Supreme Court,* 1940); *affirmed,* 125 *N. J. L.* 274; 15 *Atl. Rep.* (*2d*) 595 (*Court of Errors and Appeals,* 1940). We proceed to consider the situation obtaining as of October 1st, 1939, assessing date for the year now in question, as to each of the parcels under appeal.

1. *Block 281, Plot 30, 30 Passaic Avenue.* The proofs before us demonstrate that the equitable ownership of this property by the Cresthaven business corporation, which was responsible for the loss of exemption for the year 1938, did not exist upon October 1st, 1939. On June 20th, 1938, all of the right, title and interest of the Cresthaven business corporation was transferred and assigned to Cresthaven Cemetery Association, duly incorporated under the act for the organization of rural cemetery associations. The proof is clear and unrebutted that the assignee not only retained the equitable interest thus assigned but was actively in control of this parcel as of the assessing date. Respondent's attack upon the claim for exemption as to this parcel is based only upon suspicion and surmise. It points out, for example, that no reference was made on behalf of petitioner to the assignment to the rural cemetery association, either at the hearing before this board in the 1938 case, or upon the depo-

sitions taken on *certiorari*, although both took place subsequent to the date of the assignment. The short answer to this observation is that the assignment took place subsequent to October 1st, 1937, and any reference to it in the 1938 case would therefore have been incompetent. We are not justified in ignoring the *prima facie* sufficient proof of the succession to the interest of the Cresthaven business corporation, by the rural cemetery association, in the absence of any testimony disproving the subsistence and *bona fides* thereof. This parcel was thus a cemetery of a cemetery association (whether regarded as owned by West Ridgelawn Cemetery, repository of the legal title, or by Cresthaven Cemetery Association, a rural cemetery association, holder of the equitable title by contract of purchase), and being thus exempt from taxation under both *R. S.* 54:4-3.9 and 8:2-27; *N. J. S. A.* 54:4-3.9 and 8:2-27, it was improperly assessed for taxation for the year 1940.

2. *Block 270, Lot 25, 25 Dwas Line Road.* It will be recalled that this parcel was held exempt for the year 1938, not being included in the order of the Court of Chancery of January, 1936, contracting to sell certain other property of the petitioner to the assignor of Cresthaven, the business corporation. On October 29th, 1938, however, by an order of that court, the receiver of petitioner was authorized and directed, in effect, to sell its remaining unsold cemetery lands to Cresthaven Cemetery Association, Inc., for the sum of $85,000, payable within seven years. Shortly thereafter, on November 9th, 1938, Cresthaven Cemetery Association, Inc., assigned all of its right, title and interest in and to the property under said order, to Cresthaven Cemetery Association, the rural cemetery association hereinabove referred to. On behalf of petitioner, it is categorically testified, that it was the rural cemetery association which took over possession of this parcel and that said association was conducting the operation of the cemetery situate thereon on October 1st, 1939. No contradiction or rebuttal of this proof is made by the respondent and we are therefore constrained to accept it at its face value. It results that this parcel, like Block 281,

Plot 30, was a cemetery of a cemetery association and entitled to exemption from taxation under the statute hereinabove referred to.

3. *Block 270, Plot 25A, 25A Allwood Road.* This parcel of property was not involved in the 1938 appeal. As of the assessing date for that year it consisted of undeveloped woodland, although scattered burials in isolated parts thereof had been made from time to time in the past. Paragraph 15 of the order of the court, dated January 28th, 1938, granted to Cresthaven Cemetery Association, Inc., the right "to sell for the Receiver of West Ridgelawn Cemetery twenty-three acres of the most westerly part of the cemetery premises" (the parcel here in question), and paragraph 16 of the order provides that sale of the said twenty-three acres should be upon the same terms and conditions as were set forth thereinabove with reference to the main tract sold. The assignment from Cresthaven Cemetery Association, Inc., to Cresthaven Cemetery Association, a rural cemetery association, dated November 9th, 1938, being all inclusive, had the intent and effect of transferring to the rural cemetery association the equitable title to this parcel. The evidence is quite clear that, as of the assessing date, clearing of the woodland on the property had been commenced and was still under way, that the property had been fully mapped and plotted, that rudimentary roads had been put in and some grading done, and that all of this work was clearly designed for the imminent purpose of using this property for cemetery purposes. If lands are "within reasonable contemplation for cemetery purposes" and are owned by a cemetery association, the right of exemption is established. *West Ridgelawn Cemetery* v. *Clifton,* 109 *N. J. L.* 146; 160 *Atl. Rep.* 534 (*Court of Errors and Appeals,* 1942); *Hoboken* v. *North Bergen,* 43 *N. J. L.* 146 (*Supreme Court,* 1881); *Gottlieb* v. *West Ridgelawn Cemetery,* 109 *N. J. Eq.* 585; 158 *Atl. Rep.* 422 (*Court of Errors and Appeals,* 1931); *Harleigh Cemetery Association* v. *Camden, New Jersey Tax Reports,* 1912-1934, *p.* 22. Under this rule, Cresthaven Cemetery Association, the rural cemetery association, was entitled to exemption on

account of this property and this right is not affected by the retention of the bare legal title by the West Ridgelawn Cemetery.

4. *Block 270, Plot 1, Allwood Road.* As noted above, this property, formerly belonging to Elizabeth Lockwood, was acquired by petitioner July 14th, 1939, prior to which time it was swamp and woodland. The acquisition of this property by West Ridgelawn was under and by virtue of the terms of the order of the Court of Chancery, dated January 28th, 1938, looking to the extension and rounding out of the existing boundary lines of the cemetery. The assignment to Cresthaven Cemetery Association, the rural cemetery association, dated November 9th, 1938, of course transfers to that association any right which Cresthaven Cemetery Association, Inc., had prior thereto, under the terms of the order of the court. There is no doubt about the fact that this property was being cleared and prepared for cemetery use on October 1st, 1939. The proofs are that this work had reached a point where a road had been actually laid out, the entire tract planned and mapped and beautification of the premises commenced prior to the assessing date. Since then the developing has reached such a point that the City of Clifton, which conceives the use of this parcel for cemetery purposes to be improper as a matter of law, has filed its bill in the Court of Chancery for an injunction. We of course have no concern with the subject-matter of that suit but we refer to same merely to indicate that the lands were clearly contemplated for cemetery purposes as of the assessing date and that therefore, under the cases cited hereinabove, the right to exemption must be found to exist, to the extent that any issue is raised concerning the reasonable contemplation of use of such property for cemetery purposes on the assessing date.

For the foregoing reasons the judgment of the Passaic County Board of Taxation is reversed and the assessments on all of the parcels of property in question are canceled.

Judgment accordingly.