Only one question is raised on this appeal, namely, whether after final decree in foreclosure of a mortgage on a cemetery, where there is no general sale by the sheriff or a master, but the mortgaged premises remain under the supervision of the court, though administered by the mortgagor corporation for purposes of sale, a purchaser of a part thereof is amenable to the jurisdiction of Chancery in subsequent proceedings relating to such part on being served with an uncertified copy *Page 540 
of an order to show cause under direction of the court. The Vice-Chancellor answered this question in the affirmative. We consider that under the circumstances he answered it correctly.
The Union Cemetery Association owned two considerable tracts of land in the Township and County of Union. One, on the east side of a highway called Stuyvesant Avenue, was improved for cemetery purposes; the other, on the west side, was "unembellished," to use the language of the record. The whole property was mortgaged to respondent Fidelity Company as trustee for holders of "certificates of indebtedness," secured by the mortgage. There was a default, followed by a foreclosure suit. All this, as will be seen, was years before the present appellant came into the picture. Final decree was entered on July 3d 1929, and amended a month later, but in accordance with settled practice in cemetery cases, there was no sale by sheriff or master in Chancery and the cemetery company continued to sell burial lots under supervision of the court, the proceeds, or part thereof, being applied in payment of principal and interest on the mortgage debt. The decree reserved leave to the parties to apply for further directions in the premises.
Some nine years later, in 1938, the appellant Hollywood Park, Inc., contracted to purchase all the lands west of Stuyvesant Avenue, subject to the decree, which was expressly mentioned in the contract of sale. The contract is voluminous, taking up thirty-seven pages of the printed case, and expressly providing that the entire proceeds of all sales by the Association to Hollywood under the contract, with certain exceptions not here material, should be disposed of under the decree and amended decree.
After five years more, in 1943, Fidelity Company, the trustee, filed its petition in the original foreclosure suit, setting up the claim that the cemetery corporation had collected from sales to Hollywood Park, Inc., many thousands of dollars more than it had paid to the trustee (respondent herein) and praying the intervention and instructions of the court as to the rights of the parties concerned. Thereupon the court made the order to show cause now under review, which *Page 541 
is attacked, on this appeal, only from the standpoint of procedure. The order provided for service by mail or personally of true copies "which need not be certified" of the petition and order, exclusive of attached schedules and that a complete copy be deposited with the sergeant-at-arms. This, and only this, is the judicial action challenged on this appeal. It may be noted in passing that the papers in the state of the case include copies of the petition, schedules and orders complete.
We see no valid reason for reversing the order under review.
The court did not lose control of the res when it made a final decree, but retained a supervisory power over sales toward satisfying that decree, and it is a settled rule that purchasers at sales under decrees of the Court of Chancery, if not already parties to the suit, are regarded to a certain extent as parties to it, to be under the control of the court on the one hand, and its protection on the other. Silver v. Campbell, 25 N.J. Eq. 465,
seems to be the first of a whole line of decisions applying this rule. Later cases are Bowne v. Ritter, 26 N.J. Eq. 456,458; McCarter v. Finch, 55 N.J. Eq. 245; Wimpfheimer v.Prudential Insurance Co., 56 N.J. Eq. 585, 591. Treating the appellant as a virtual party to the suit, pursuant to the above rule, it logically follows that as regards the rights of other parties, and of the court itself, relief within the compass of the litigation may be had even on noticed application, and afortiori under an order to show cause duly served, and if the notice requires no certification, an order to show cause would seem to require none. Service of uncertified copies of Chancery orders is everyday practice in proper cases.
The order under review will be affirmed.
For affirmance — PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.
 For reversal — THE CHIEF-JUSTICE, CASE, COLIE, DILL, JJ. 4. *Page 542