The object of this cause is to foreclose the liens of two mortgages encumbering lands situate in the Township of South Brunswick, Middlesex County, New Jersey. The mortgages in the amounts of $10,000 and $6,000, respectively, were executed and delivered by one Minerva Florence Monfred to Mary Nevius on July 1st, 1930. On July 8th, 1930, the mortgaged premises were acquired by the defendant Washington Cemetery Association, a rural cemetery organization incorporated under our enabling statutes. The mortgages were thereafter by successive assignments transferred to the present complainants.
The delinquencies which warrant the institution of foreclosure proceedings are acknowledged. The complainants pray that a decree be made directing a sale of the mortgaged premises to raise and pay to them the amount determined to be due upon their mortgages, with interest and costs. It is that prayer of the bill that encounters the resistance of the defendant association. *Page 295 
The evidence reveals that upon the acquisition of the land the defendant immediately caused an outline survey of it to be made. The record books requisite for cemetery purposes were forthwith obtained, and maps and blueprints were prepared disclosing the subdivisions of the property into numerically designated sections containing throughout delineations of burial plots and of proposed roadways. A sales campaign was initiated in 1930. During the next succeeding years a chapel was erected; the caretaker's house was improved; water pumping facilities were installed; some sidewalks were laid with curbing at the corners of the blocks; trees were planted along the sides of the roadways, and a chain fence was extended along the boundaries of sections 1 and 2. A considerable number of lots have been sold and to date there have been 337 burials in sections 1 and 2 and 5 and 6 of the cemetery.
It is likewise evident that there are sections of the tract in which as yet no bodies have been interred and which, although kept available, are not at present in actual use for burial purposes.
It is the insistence of the complainants that those portions of the land which have not been and are not now actually used for burial purposes should be sold to satisfy or reduce the mortgage debt. The conclusion expressed in Spear v. Locust WoodCemetery Co., 72 N.J. Eq. 821; 66 Atl. Rep. 1068, is cited to sustain that contention.
The complainants purchased the mortgages in 1944. Incidentally, they were the owners of lands devoted to cemetery purposes in the immediate neighborhood. They were aware that the mortgages covered cemetery lands. However, the question here projected was definitely determined adversely to the present contention of the complainants by our Court of Errors and Appeals in Gottlieb v.West Ridgelawn Cemetery, 109 N.J. Eq. 585; 158 Atl. Rep. 422.Vide, also, unreported decision of Bigelow, V.C., in Kirby,Receiver, v. Arthur P. Ackerman (Docket 84, page 546 (1933));Fidelity Union Trust Co. v. Union Cemetery Association,134 N.J. Eq. 254, 256; 35 Atl. Rep. 2d 888; affirmed, 134 N.J. Eq. 539; 36 Atl. Rep. 2d 400. It is immaterial whether the process *Page 296 
of execution emanates from a judgment at law or from a money decree of this court. The complainants will be obliged to pursue the statutory means of sequestration of income. R.S. 8:2-29;N.J.S.A. 8:2-29. See remarks re decree in Fidelity Union TrustCo. v. Union Cemetery Association, 136 N.J. Eq. 15;40 Atl. Rep. 2d 205; affirmed, 137 N.J. Eq. 455 and 456;45 Atl. Rep. 2d 670 and 698.
Another subject affiliated with the foreclosure has engaged my attention. On December 1st, 1940, Addie B. Polhemus and Margaret P. Dunn, then the owners of the mortgages, and the defendant company entered into a written agreement in which the defendant acknowledged that there was owing to the mortgagees on the two bonds and mortgages the sum of $12,579.35 of principal and $6,407.54 of accrued interest, constituting an aggregate indebtedness of $18,986.89. The mortgagees at that time agreed to reduce the mortgage debt of principal and interest to the sum of $9,000 with interest at the rate of three per centum per annum
upon the reduced amount. The consideration for the reduction of the indebtedness was explicitly predicated upon the obligation of the defendant association to satisfy the reduced debt in the manner specified by the covenants of the agreement. It was stipulated that should the defendant company default in the fulfillment of any of its covenants for a period of sixty days, the full indebtedness of $18,986.69, less any payments made on account of principal or interest subsequent to December 1st, 1940, would be revived and re-established. The defendant thereafter missed the mark. The inquiry arises whether the complainants are now entitled to interest at six per centum, the mortgage rate, upon the unsevered sum of $18,986.89 from December 1st, 1940, less the deduction of ad interim payments or upon the acknowledged principal of $12,579.35.
I think it is defensible to state that the allowance of interest upon interest is universally regarded, as a matter of policy, to be harsh and oppressive. It unduly hastens the accumulation of debt and is accordingly unpropitious in our field of economics. Hence I believe it to be the general rule that compound interest is not otherwise recoverable unless there has been a settlement between the parties of a conclusive *Page 297 
character, or a judgment whereby the aggregate amount of principal and interest is converted into a new principal debt, or where the exaction of compound interest is in some valid form confirmed by a special agreement. MS, July, 1827, Williamson,C., Stew. Dig. p. 656 § 36; Corrigan v. Trenton Delaware FallsCo., 5 N.J. Eq. 232, 245; Force v. City of Elizabeth, 28 N.J. Eq. 403;
reversed on another point, 29 N.J. Eq. 587; West EndTrust Co. v. Wetherill, 78 Atl. Rep. 756; affirmed, 77 N.J. Eq. 590; 78 Atl. Rep. 756.
It is my impression that the intention of the parties exhibited by the agreement of December 1st, 1940, was that the consequence of a default by the debtor would merely result in a restoration of the status quo ante. The interest has therefore accumulated solely upon the amount of principal in fact unpaid.
Unless counsel can agree upon the composition of a decree in conformity with these conclusions, notice of an application to settle the terms of the decree may be given by either the complainants or the defendant. *Page 298